Nash, C. J.
 

 We see no error in the charge complained of. The defendant is indicted for petit larceny. Several exceptions were taken to the charge. Eirst: The Court was asked to instruct the j ury that twenty-three days having passed, between the time of the iron being missing, and the finding it in the possession of the defendant, the law raised no presumption that the defendant had stolen it. The case stated that this was admitted by the State, but it was claimed that the circumstance of the finding was a fact to be considered by the jury, with the other circumstances. The latter part of the exception, that the finding was left to the jury, by the court, as a fact, is not complained of; but the defendant complained that his Honor said nothing about the presumption. It was not necessary. The State, by its officer, admitted that the finding, after such a lapse of time, created no presumption in law of the stealing
 
 *443
 
 by the defendant. The point of law was not controverted, and therefore, did not require a specific charge. The second exception is substantially embraced- in the first. As it was admitted, that from the circumstances, no presumption arose against the defendant by reason of his possession, we cannot perceive the propriety of his Honor being more precise than lie was, nor can we see that more precision would have benefited the defendant. The fact was left to the consideration of the jury, who alone would judge of its .bearing and effect
 

 The third exception is upon the subject of rational doubt. In the charge, the jury were instructed that this was not a capital felony, but that the State was bound to satisfy them that the defendant had himself taken the iron, or procured it to be done. In immediate response to the prayer, his Honor told the jury the testimony was simple and lay in a nut-shell; and after calling the attention of the jury, in a summary manner to the evidence, concluded by saying this was not a case of life and death, and that the jury ought to be satisfied, to a reasonable certainty, of the defendant’s guilt. In the argument some criticism was indulged in, as to the meaning of the words, “ reasonable certainty. ” The terms are evidently used, in contradistinction, to absolute certainty. If the charge of a Judge is to undergo grammatical criticism, he is entitled to any benefit to be derived from it. What is “ certainty ? ” Mr. Walker says
 
 “
 
 certainty is being free from doubt”- — reasonable certainty is the being free from reasonable doubt. The Judge did charge substantially, as asked for. It has been repeatedly decided by this court, and during this term, that a Judge is under no obligation to use the language of the counsel in replying to a required charge, provided he does it substantially. In liis charge, the Court instructed the jury, that “ the State was bound to satisfy them, that the defendant liad taken the iron himself, or procured it to be done. ” It was objected by the defendant’s counsel, that there was no evidence to show that lie had procured it to be done. Without investigating the evidence to see whether there was no evidence ujion that point, it is sufficient to say, that if there was none, it cannot
 
 *444
 
 affect the decision of the case. In petit larceny, there are no aiders and abettors; all are principles, who are concerned in the felony; whether therefore, the defendant took the iron himself, or procured another to do it for him, he was alike guilty. The charge, in the indictment, is that he stole the iron, and there can be no doubt, that proof, that he procured it to be done, would have sustained the charge. It was perfectly immaterial in which way the felony was perpetrated; and the charge in this particular, was intended to show the jury that fact. Eor this reason, it cannot be said, justly, that the Court charged the jury upon a hypothetical case. It is also said that the Judge violated the act of 1796' — directing the manner in which a Judge should deliver his charge. The expression that the case lay in a nut-shell, is as enigmatical as to whom the victory in the contest® belonged, as was the Delphic reply to Pyrrhus when seeking to know if he would be successful in his contemplated war with Rome; the answer was
 
 “
 
 a mighty empire will be subdued.” No one could tell, from the expression, that the Judge thought the defence was successful, or that it had failed.
 

 There is no error; and this opinion will be certified to the proper court.
 

 Pur CuriaM. Judgment affirmed.