## STATE *v.* HILLIARD GASTON.

All persons who counsel, aid, abet or advise a larceny, are equally guilty with those who actually commit the offence.

(*State* v. *Borden*, 1 Dev. 518, cited and approved.)

INDICTMENT for *Larceny*, tried before *Kerr*, *J.*, at Spring Term, 1875, BRUNSWICK Superior Court.

The defendant was arraigned and tried upon the following bill of indictment, to-wit:

" STATE OF NORTH CAROLINA, } In the Superior Court, Brunswick County.          Fall Term, 1875.

The jurors for the State, upon their oath present, that Hilliard Gaston, late of the county of Brunswick aforesaid, on the first day of November, in the year of our Lord one thousand eight hundred and seventy-four, with force and arms at and in the county of Brunswick aforesaid, one cow, of the value of one dollar, of the goods and chattels of William Starkey then and there being found, feloniously did steal, take and carry away against the peace and dignity of the State.

NORMENT, Solicitor."

The counsel for the defendant asked his Honor to charge the jury "that this being a felony, only those who were present could be guilty as principal, and those advising and counselling could not be convicted under this bill of indictment."

The Court refused to charge, as requested, but charged the jury " that if the prisoner counselled, aided or abetted, or advised the larceny, he was guilty.

The jury returned a verdict of guilty, and the prisoner was sentenced to the State prison. From this judgment the prisoner appealed.

*Attorney General Hargrove*, for the State.
*Russell*, for the prisoner.

SETTLE, J. The defendant being charged in a bill of indictment, containing a single count, with the larceny of a cow, "of the value of one dollar," prayed the Court to charge the jury "that this being a felony, only those who were present could be guilty as principals, and those advising and counselling could not be convicted under this bill of indictment." The Court refused the prayer, and charged that if the prisoner counselled, aided, abetted or advised the larceny, he was guilty.

The text books tell us that in high treason and petit larceny there are no accessories, but all concerned are principals, for different reasons however, which we need not state here, as the learning is so familiar. 1 Hale, 715 ; 2 Hawk. P. C. c. 29, 1, 24 ; 4 Black. Com., 36 ; 1 Bish. Cr. L., 39, 622. These authorities are followed by our own decisions. In *State* v. *Barden*, 1 Dev., 518, it is said " all who are concerned in petit larceny are principals," &c. In this indictment the value of the cow is laid at more than twelve pence, to-wit, one dollar, which, at common law, constituted grand larceny, and the defendant was entitled to the charge prayed for if the evidence made it appropriate, unless our statute abolishing all distinctions between grand and petit larceny, has the effect to reduce grand larceny to the grade of petit larceny.

Bishop, in his work on Criminal Law, sec. 622, says "whether grand is reduced to petit larceny under American statutes, abolishing or modifying the general distinction be-tween grand and petit larceny, is a question upon which we appear to have no adjudications.

The defendant's counsel argues that after the distinction between grand and petit larceny was abolished by 7 and 8. Geo. IV., every larceny in England was raised to the grade of grand larceny. So it was. But an examination of the English statute will show that it is just the reverse of ours, and while it raised, in express terms, petit to grand larceny, ours draws grand down to the grade of petit larceny.

We quote them in contrast. The English statute enacts " that the distinction between grand larceny and petit larceny

shall be abolished, and every larceny, whatever be the value of the property stolen, shall be deemed to be of the same nature, and shall be subject to the same incidents in all respects as grand larceny was before the commencement of this act," &c., and provides for trying all accessories to such larceny."

Our statute enacts : " All distinctions between petit larceny and grand larceny, where the same hath now the benefit of clergy, is abolished ; and the offence of felonious stealing, where no other punishment shall be specifically prescribed therefor by statute, shall be punished as petit larceny is," &c Bat..Rev. ch. 32, sec. 25.

Our conclusion is, that the charge of his Honor was correct. Let it be certified that there is no error.

PER CURIAM.                                      Judgment affirmed.