STATE v. HARRISON HOLLAND and another.

*Evidence—Testimony of Accomplice.*

The unsupported testimony of an accomplice, if it produces entire belief of the prisoner's guilt, is sufficient to warrant a conviction.

(*State* v. *Haney,* 2 Dev. & Bat., 390; *State* v. *Hardin, Ib.,* 407, cited and approved.)

INDICTMENT for Larceny tried at Spring Term, 1880, of CHATHAM Superior Court, before *Seymour, J.*

The defendants, Harrison Holland and Jasper Fuller, were tried at said term, for larceny and receiving stolen goods. On the trial the state offered one Stephen Stone as a witness against the defendants. Stone was an accomplice and the bill of indictment had been sent against him and the others, but his name was erased from the bill. Stone testified to a state of facts which if true proved the defendants' guilt, but he was entirely uncorroborated.

The defendants' counsel asked the court to charge the jury that they ought not to find the defendants guilty upon

the uncorroborated testimony of an accomplice. His Honor declined to give the instructions asked for, but told the jury it was unsafe to convict upon the uncorroborated testimony of an accomplice, that such testimony always went to a jury under suspicion, but that if such testimony satisfied them beyond a reasonable doubt of the guilt of the defendants they should convict. The counsel for the defendants excepted. There was a verdict of guilty, and a motion for a *venire de novo.* The motion was refused and judgment rendered, from which the defendant Holland appealed to this court.

*Attorney General,* for the State.
*Mr. John Manning,* for defendant.

ASHE, J. We know that in England a defendant cannot be convicted upon the uncorroborated testimony of an accomplice. His testimony is allowed to go to the jury to be weighed by them for what it is worth, when supported by other evidence or by circumstances confirmatory of his testimony. But in this state a different doctrine obtains. Here, a defendant may be convicted upon the unsupported testimony of an accomplice.

In the case of *State* v. *Haney,* 2 Dev. & Bat., 390, this court held that " the unsupported testimony of an accomplice, if it produces entire belief of the prisoner's guilt, is sufficient to warrant a conviction ; and the usual direction to the jury not to convict upon it, unless supported by other testimony, is only a precautionary measure to prevent improper confidence being reposed in it, and the propriety of giving this caution must be left to the discretion of the judge who tries the cause." The same doctrine is announced in the case of *State* v. *Hardin, Ibid.,* 407, where Chief Justice RUFFIN says: "It is however dangerous to act exclusively on such evidence, and therefore the court may properly caution the

40.

jury, and point out the grounds for requiring evidence confirmatory of some substantial part of it. But the court can do nothing more, and if the jury yield faith to it, it is not only legal but obligatory on their consciences to found their verdict upon it."

There is no error. Let this be certified to the superior court of Chatham county, that further proceedings may be had in conformity to this opinion and the law.

PER CURIAM.                                                No error.