STATE v. WILLIAM TYLER and others.

*Larceny—Receiving—Accessories—Costs—Appeal.*

1. All felonious stealing being now reduced by statute (Bat. Rev., ch. 32, § 25,) to the grade of petit larceny, that offence no longer admits of accessories.

2. A receiver of stolen goods not being an accessory after the fact in the present condition of our law, the solicitor is not entitled under the act of 1873-'4, ch. 170, to a fee of ten dollars upon his conviction.

3. Where, upon application of the defendant to retax the costs, the solicitor's fee is reduced from ten dollars to four, the solicitor has no right to appeal, the state having no interest in the result.

*State* v. *Groff,* 1 Murph., 270 ; *State* v. *Gaston,* 73 N. C., 93, cited and approved.)

INDICTMENT for larceny, tried at May Term, 1881, of NEW HANOVER Criminal Court, before *Meares, J.*

The question in this case is one of costs arising between the solicitor for the state and the defendants who were indicted in two counts, one for larceny and the other for receiving stolen goods. There was a general verdict of guilty, and judgment was suspended upon payment of costs. After the verdict, the clerk of the court, at the suggestion of the solicitor, taxed a fee of ten dollars for the solicitor against each defendant. The defendants then moved to re-tax the bill of costs on the ground that the solicitor was only entitled to a tax fee of four dollars for each defendant. The solicitor insisted he was entitled to a tax fee of ten dollars under the act of 1873–'74, ch. 170, where a defendant is convicted on an indictment containing a count for receiving stolen goods, but the court sustained the motion to re-tax and gave judgment accordingly, from which the solicitor appealed.

The Attorney General submitted the case for the solicitor in this court, and asked for a construction of the act.

ASHE, J. As this is a question of costs that may arise again on some of the circuits, we proceed to consider it, without conceding the right of the solicitor to appeal in such a case, and without regarding the maxim, " *lex non curat de minimis.*" We are of the opinion the costs in respect to the fees of the solicitor were properly taxed under the ruling of his Honor. He is only entitled to a fee of four dollars for each of the defendants. The appellant insists that under the first section of chapter 170, of the acts of 1873–'74, he is entitled by a proper construction of that act, to a fee of ten dollars from each defendant. The section declares " that the solicitors for the state, in addition to the general compensation allowed them, shall receive the fol-

lowing fees and no other, namely: For every conviction upon an indictment which they may prosecute for a capital crime, twenty dollars; perjury, forgery, * * * misdemeanors of accessories after the fact to felonies, in each of the above cases, ten dollars; for frauds, maims, deceits and escapes, five dollars; for all other offences, four dollars."

Receiving stolen goods is no where mentioned in that part of the act prescribing a fee of ten dollars, unless it is embraced in the class of offences described by the terms, "misdemeanors of accessories after the fact to felonies" If so, then the solicitor is entitled to a fee of ten dollars for every conviction for such an offence. But the question arises, is a receiver of stolen goods an accessory after the fact? By section 25, chapter 32 of Battle's Revisal, all distinction between petit larceny and grand larceny, where the same hath now the benefit of clergy, is abolished, and the offence of felonious stealing, where no other punishment shall be specifically prescribed therefor by statute, shall be punished as petit larceny is. And the construction put by this court upon that act is, that grand larceny is thereby reduced to the grade of petit larceny; but in petit larceny there are no accessories; all are principals. *State* v. *Gaston,* 73 N. C., 93.

We think it is evident the legislature did not intend to embrace receivers of stolen goods in the words, "misdemeanors of accessories after the fact;" for by section 53, chapter 32 of Battle's Revisal, the offence of being an accessory after the fact to any felony is declared to be a misdemeanor, and the act goes on to prescribe in the same section how they are to be prosecuted. This act very clearly had reference to such persons as were accessories at common law, such for instance as concealed or harbored a felon, supplied him with money, a horse, or other necessaries in order to enable him to escape, or furnished him with instruments to break prison and effect his escape. And as proof that

the legislature did not consider receivers of stolen goods as comprehended in this class of offenders, express provision is made for their prosecution, in the subsequent section 55 of the same chapter.

But there is another view of this question. Receivers of stolen goods were not accessories after the fact at common law. The receipt of stolen goods at common law was a distinct misdemeanor punishable by fine and imprisonment. Archbold Cr. Law, 10; 1 Hale P. C., 619, 620. Receivers were made accessories after the fact in England, first by the statute of 3 and 4, W. & M., and afterwards by the statute 5 of ANN, of which last statute our act of 1797 is a copy, and expressly provided that "*receivers of stolen goods shall be taken as accessories after the fact;*" and this act was in full force when *Groff's* case (1 Mur., 270) was decided, and receivers held to be accessories. But when the act of 1797 (Rev. Stat., ch. 34, § 54,) was brought forward into the Revised Code (ch. 34, § 56,) the words "*such person or persons shall be taken and received as accessories to such felony*" were omitted. Thus it will be seen that since the adoption of the Revised Code, receivers of stolen goods are no longer to be taken as accessories after the fact, but are left in that respect as they stood at common law.

Our conclusion is that the solicitor is only entitled under the act of 1873–'74 to a four dollar tax fee upon the conviction of a defendant for receiving stolen goods knowing them to be stolen. But as the state has no right to appeal in this case and has no interest in the question, the case is dismissed.

PER CURIAM.                    Appeal dismissed.