The indictment was preferred against the defendant Fox, and one Miller, and the defendant Fox was alone put on trial. *Page 772 
The indictment contained two counts, the one for the larceny of a quart of whiskey, the property of one Hedrick and the other receiving it, knowing it to have been stolen.
The evidence in the case showed, that Fox, on the day the larceny was committed, told Hedrick, the prosecutor, that he had no whiskey, but he knew where he could get some. The prosecutor gave him two bottles of a red color, and the money to buy the whiskey. The defendant brought the whiskey to the mill of the prosecutor, who, after giving the defendant a drink, put the bottles in a box of wheat in the mill, and the defendant saw him do it, there being no other person present at the time. The prosecutor then locked the door of the mill and went to supper, and when he returned after dark, he found the mill broken open and the whiskey gone. It was also in evidence, that shortly after dark, the defendant and Miller were seen sitting on a pile of saw dust and soon thereafter were seen returning from the place where the mill was broken open.
It was also in evidence, that on the night of the day when the mill was broken open, the defendant Fox rode up to the house of one Pope, called him out of bed, and gave him a drink of whiskey out of (929) a bottle; that he then had two bottles like those described by the prosecutor Hedrick.
His Honor charged the jury, that if they believed from the evidence that Miller stole the whiskey, and that the defendant received the whiskey, knowing it to have been stolen, they would find him guilty on the second count in the bill of indictment.
He also charged, that if the jury believed from the evidence, that Miller stole the whiskey and the defendant aided and abetted, or advised and procured him to commit the theft, he would be guilty of larceny. There was a general verdict of guilty, and the defendant appealed.
We do not understand why his Honor should have instructed the jury, that if Miller stole the whiskey, and that if they should believe that the defendant was an aider and abettor, or the receiver of the whiskey knowing it to have been stolen, he was guilty in the one aspect or the other, when all the evidence pointed directly to Fox, as the person who committed the theft, and that Miller was the aider and abettor. But there was no error in the charge, for the jury were satisfied, and we think there was evidence *Page 773 
sufficient to lead them to the conclusion, that Miller was present, aiding and abetting, or advising and counselling Fox in the commission of the theft, and it would be immaterial which took the whiskey. For in this offence there are no accessories before the fact — all are guilty, not only those who aid and abet, but all who advise, counsel or procure the act to be done, are principals. So that if it be alleged in the bill of indictment, that A committed the act, and B was present aiding and abetting him, and the proof should be, that B actually committed the act, and A was the abettor, the indictment would be sustained. Arch. Cr. Law, 6.
There is no error. Let this be certified to the Superior Court of Alexander County, that the case may be proceeded with (930) according to law.
No error. Affrmed [Affirmed].
Cited: S. v. Stroud, 95 N.C. 630; S. v. Skeen, 182 N.C. 846; S. v.Overcash, 182 N.C. 891; S. v. Dail, 191 N.C. 235; S. v. Whitehurst,202 N.C. 633; S. v. Johnson, 226 N.C. 675; S. v. Bennett, 237 N.C. 752.