STATE v. ANDY COLLINS.

*Indictment for Larceny—Trial—Evidence—Declarations of Co-Defendant.*

Declarations of one of two defendants jointly on trial for larceny are admissible only as against the party making them and, if admitted, it is error not to instruct the jury that such declarations are incompetent as to the other defendant.

INDICTMENT against Andy Collins and Charles Collins for larceny, tried before *Norwood, J.,* and a jury at Fall Term, 1897, of MACON Superior Court. The defendants were con-

victed and Andy Collins appealed, assigning as error the admission of declarations of his co-defendant as to the part appellant took in the robbery of the store of the prosecutor, Hale.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. J. F. Ray,* for defendant (appellant).

FAIRCLOTH, C. J.: Defendants Andy Collins, Charlie Collins and others, were indicted for larceny.

Burgess, a witness for the State, testified that defendant, Charlie Collins, told him that defendant, Andy, "got these goods for him out of Hall's store" and described the manner in which they entered the store, &c. The defendant, Andy, the only appellant, objected to these declarations of Charlie. The objection was overruled and the evidence admitted, and Andy excepted. This was error and is the only exception necessary to consider. Those declarations were competent against Charlie, and if his Honor had instructed the jury that they were competent only against Charlie, and not against Andy, that would not have been erroneous, but no such instruction was given, appearing in the record. Declarations by one defendant, being competent only against him, may tend to show his co-defendant's guilt, but that does not make them incompetent as to the party making them. *State* v. *Brite,* 73 N. C., 26.

New trial.