## STATE v. GILBERT NEWELL.

(Filed 22 November, 1916.)

**1. Criminal Law—Juvenile Delinquents—Statutes—Interpretation—Constitutional Law.**

Chapter 122, Laws 1915, entitled "An act to provide for the reclamation and training of juvenile delinquents," etc., applying to all children in the State under 18 years of age who come within the descriptive terms of the law as set forth in subsections *a* and *b* of section 1, is a police regulation in the specified instances when the well-being of the child and the interest of the public require that it should for a time be withdrawn from an environment that threatens, and cared for and trained and controlled with a view of making it a law-abiding citizen; and to this extent it is constitutional and valid.

**2. Criminal Law—Juvenile Delinquents—Statutes—Courts—Jurisdiction.**

The statute relating to the reclamation of juvenile "delinquents" classifies them as those who are violators of State and municipal laws and those who are not, and where such delinquents are to be dealt with as violators of the criminal law in a given case, and on that ground alone, the offense must first be established by some court having jurisdiction thereof, and the orders disposing of the child under the statute may only be justified and upheld as an incident to conviction in the proper court.

**3. Same—Recorder's Courts—Jurisdiction—Statutes—Interpretation—Misdemeanors—Constitutional Law.**

The crime of larceny is a felony punishable in the State's Prison, Revisal, sec. 3506, and a recorder's court, not having jurisdiction thereof, may not make orders disposing of a juvenile "delinquent" under the statute providing for reclamation of such, whether the offense be termed therein a misdemeanor or otherwise, Const., Art. I, secs. 12 and 13; and when such has been attempted, it will be disregarded upon conviction of this offense in the Superior Court having jurisdiction.

**4. Criminal Law—Executive Pardon—Trials—Continuance—State's Witness —Court's Discretion.**

Under the provisions of our Constitution, a pardon by the Executive is allowed only after a conviction, and where two defendants are separately indicted for participating in the same offense, and one of them has turned State's witness upon the trial of the other, and his case is thereafter called for trial, he may not insist, as a matter of right, that it be postponed to enable him to apply for executive clemency, and the request for continuance is referred to the discretion of the trial judge.

CRIMINAL ACTION tried before *Cline, J.,* and a jury, at June Term, 1916, of GUILFORD.

The defendant was indicted for larceny, and when the case was called for trial he applied to the court for a continuance thereof on the

ground, among other things, that he had been used by the State as a witness against his codefendant, Walter Bradley, in the trial in the municipal court of the city of Greensboro and also on the trial of Bradley in the Superior Court of Guilford County, both of which cases were for the same offense charged in the indictment here. The court overruled the motion and application for a continuance, and the defendant excepted. Thereupon the defendant pleaded former conviction and not guilty, and by consent the jury returned the following verdict:

"1. That on 5 April, 1916, the defendant Gilbert Newell, together with Walter Bradley, was indicted in the municipal court of the city of Greensboro on a charge of stealing $587 from the North Carolina Public-Service Company in the city of Greensboro, and on the said trial the said Gilbert Newell pleaded guilty to the charge and was examined by the State as a witness in the case against the defendant Walter Bradley.

"2. That on the said trial it appeared that the said Gilbert Newell was employed by the North Carolina Public-Service Company in the capacity of traffic clerk, whose duties were, among other things, to receive from the conductors on the cars of the said Public-Service Company the money and tickets taken in by them during the day, and that as such traffic clerk he remained on duty from 6 o'clock p. m. until 12 o'clock p. m., and until all the conductors had turned in their cash and tickets and made their reports.

"3. That on the night of Saturday, 1 April, 1916, in accordance with the plan formed by the said Newell and the said Bradley, the said Bradley, about 3 o'clock in the morning of Sunday, 2 April, 1916, locked the said Newell in the safe of the said Public-Service Company and took the cash on hand, amounting to about $587, the said Newell remaining locked in the safe until about 7 or 8 o'clock the next morning, when the safe was opened and he was found and released, and the money was missed.

"4. That upon investigation it was found that the money had been taken by Bradley and $5 of the same was given by him to Newell, and subsequently the whole amount except about $125 was recovered. That on Sunday, while Bradley was on the street wasting some of the money, Newell went to his room, got one bag of the money containing $200 or more, carried it across the hall, and hid it in a bureau drawer in another room, where it was found and recovered.

"5. Upon the trial in the said municipal court of the city of Greensboro it appeared that the said Gilbert Newell was and is a child over 17 and under 18 years of age, and that this was his first offense, and thereupon the said municipal court, upon the facts above disclosed, sentenced the said Gilbert Newell to two years in the county jail of

Guilford County, to be paroled in the custody of probation officer of that court, and required him to appear before the said court with the said probation officer the first Monday in each month during that time and show his good behavior; the said action of the court being based upon chapter 222 of the Public Laws of North Carolina for the session of 1915.

"6. That the said Gilbert Newell was thereupon taken in custody by the said probation officer and has since appeared before the said municipal court the first Monday in each month, together with the said probation officer, and proved his good behavior.

"7. That the said Walter Bradley, being over 21 years of age, was bound over by the said municipal court to appear at the succeeding term of the Superior Court of Guilford County, where at the May term thereof he was duly indicted and pleaded guilty to the charge of the larceny of the said money, the said Gilbert Newell being used by the State as a witness on the trial.

"8. That after the trial of Bradley, the solicitor for the State sent an indictment to the grand jury against the defendant Gilbert Newell, charging him with the larceny of the said money, amounting to $587, which indictment was returned a true bill, and thereupon the case was continued until the present term of court, when, being called for trial, the defendant Gilbert Newell entered a plea of the former conviction and not guilty, and introduced the record of his trial and conviction for the same offense in the municipal court of the city of Greensboro and the sentence imposed therein.

"9. Whereupon the solicitor for the State demurred to the said plea and evidence on the ground that the said municipal court did not have jurisdiction under the laws of the State of North Carolina to hear and determine the said case, the said court having tried and disposed of the case assuming jurisdiction under and by virtue of the jurisdiction conferred upon it in chapter 222 of the Public Laws of North Carolina for the Session of 1915.

"10. If upon the foregoing facts the court should be of opinion that the said municipal court of the city of Greensboro under and by virtue of chapter 222 of the Public Laws of North Carolina for the Session of 1915, or by any other law of said State, had jurisdiction to hear and determine the case against the said defendant in that court, then the jury finds the defendant not guilty. If, upon the other hand, the court should be of opinion that the municipal court under the laws of North Carolina did not have jurisdiction to hear and determine the said case as aforesaid, then the jury finds the defendant guilty."

Upon the special verdict returned, his Honor being of opinion that the municipal court of the city of Greensboro did not have jurisdiction,

by virtue of chapter 222 of the Public Laws of North Carolina for the Session of 1915, or by virtue of any other law, to hear and determine the case against the defendant in that court, adjudged the defendant guilty, and thereupon sentenced him to the common jail of Guilford County for a period of twelve months, to be assigned to work upon the public roads of the county, to which judgment and sentence the defendant duly excepted and appealed therefrom to the Supreme Court, and assigned for error his exceptions filed to the validity of the trial as follows:

"1. The defendant excepts to the refusal of the court to grant his motion and application for a continuance on the ground that when case was called in the municipal court of the city of Greensboro the defendant was used by the State as a witness against his codefendant, Bradley, and likewise as a witness against him in the trial of the case in the Superior Court.

"2. The defendant excepts to the refusal of the court to sustain his plea of former conviction and not guilty upon the facts set forth in the special verdict of the jury.

"3. The defendant excepts to the ruling and holding of the court that the municipal court of the city of Greensboro did not have jurisdiction under and by virtue of the Laws of North Carolina, and particularly by virtue of chapter 222, section 2, of the Public Laws of North Carolina for the Session of 1915.

"4. The defendant excepts to the judgment of the court sentencing the defendant to imprisonment in the common jail of Guilford County for a term of twelve months, to be assigned to work on the public roads of that county."

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*C. Clifford Frazier and W. P. Bynum for defendant.*

HOKE, J., after stating the case: Upon the foregoing record and the facts appearing therein, we are of opinion that the defendant has been properly convicted and sentenced, and his exceptions entered to the validity of the trial should be overruled. Chapter 122, Laws 1915, entitled "An act to provide for the reclamation and training of juvenile delinquents, youthful violators of law, and the probation system," is a statute applying to all children in the State under 18 years of age who come within the descriptive terms of the law as set forth in subsections *a* and *b* of section 1, and was passed as an administrative police regulation in the specified instances when the well-being of the child and the interest of the public require that it should for the time be with-

drawn from an environment that threatens, and cared for and trained and controlled with a view of making it a law-abiding and useful citizen. To this extent, the validity of such legislation is fully upheld with us in the case of *In re Richard Watson,* 157 N. C., 340, a cause involving the construction of the act establishing the Stonewall Jackson Training School, and the significance and effect of an order making present disposition of the child under the administrative features of the law are there fully discussed by *Associate Justice Allen.* This, then, being a valid enactment under the principles and authorities set forth and approved in that well considered opinion, the question on the present appeal is chiefly on the proper interpretation of the present statute as affecting the rights of the defendant on the record and others in like case. In subsections *a* and *b,* section 1, of the statute, delinquent and dependent children are defined as follows:

"(*a*) A child shall be known as a juvenile delinquent when he violates any municipal or State law, or when, not being a violator, he is wayward, unruly, and misdirected, or when he is disobedient to parents and beyond their control, or whose conduct and environment seem to point to a criminal career.

"(*b*) A child shall be known as a dependent child when, for any reason, he is destitute or homeless or abandoned, and in such an evil environment that he is likely to develop into criminal practices unless he be removed therefrom and properly directed and trained."

It thus appears that in case of "delinquent" children they are described and classified as those who are violators of State or municipal law and those who are not, and, although jurisdiction in general terms is conferred on both Superior and recorders' courts, and "like courts in cities where recorders' courts have not been established," it is evidently contemplated and provided that in cases where a delinquent is to be dealt with as a violator of the criminal law, in a given case, and on that ground alone, such violation shall have been first established by some court having jurisdiction of the offense, and the orders disposing of the child under the statute may be justified and upheld as an incident of the conviction. As said by *Justice Allen* in the opinion referred to: "The Legislature has no unlimited and arbitrary power over minors in respect to detaining them in reformatories or otherwise, and, in view of this admitted principle, the necessity for a conviction in the proper court, in order to deal with a juvevnile delinquent on the ground that he has committed a single criminal offense, will appear from a perusal of the general provisions of the statute, and is made clear, we think, by a subsequent clause of section 2: "That it shall be the duty of the court or courts, in their discretion, to suspend sentence, when the child is found guilty, and place him on probation for a specified

period, three, six, or twelve months, or a longer period, as the court shall think best."

This, then, in our opinion, being the proper construction of the present law, on the facts established by the special verdict, in any aspect of them, defendant in this instance is guilty of the crime of larceny. *S. v. Stroud,* 95 N. C., 626; *S. v. Gaston,* 73 N. C., 93; and this being a felony, under our statute, punishable by imprisonment in the State's Prison, Revisal, 3506, the recorder's court of the city of Greensboro was without jurisdiction to hear and determine the case, and the sentence and orders made, as to disposition of the defendant, incident to such submission and entirely dependent thereon, are a nullity, and the Superior Court had full power to proceed with the cause and, on conviction, to impose its sentence in punishment of the offense. And the result would seem to be the same though the charge had been properly one for receiving stolen goods, unless the punishment has been changed from that provided in Revisal, sec. 3507, which we do not discover, the court having decided that where the power to punish by imprisonment in the State Prison remains, the calling of an offense a misdemeanor will not make it so or confer the right to deal with a case without a grand or petit jury, as required by the Constitution. Article I, secs. 12 and 13; *S. v. Hyman,* 164 N. C., 411. The position further urged that a new trial should be awarded because the court, having used defendant as a witness against his codefendant, declined to continue the case, that the defendant might have opportunity to apply for a pardon, is without merit. Even in the case to which we were referred by counsel, *"The Whiskey cases,"* 99 U. S., 594, the Court holds that the mere fact that a defendant has testified is not effective as a defense to an indictment. In delivering the opinion, *Associate Justice Clifford* states with approval the position as follows: "Other text-writers of the highest repute besides those previously mentioned affirm this rule that accomplices, though admitted as witnesses for the prosecution, are not of right entitled to a pardon; that they have only a right to a recommendation to Executive clemency, and they uphold that prisoners, under such circumstances, cannot plead such right in bar of an indictment against them nor avail themselves of it as a defense on their trial." The position prevails even when the accomplice has testified on assurance of immunity from the prosecuting officer, he, under the law, having no right to pardon offenses, either in this or any other manner. True, in this last event, the case holds that a trial should be stayed till a pardon could be applied for, but this is only by way of admonition to the lower Federal courts, and should not be regarded as controlling in this jurisdiction, where, under our Constitution, a pardon by the Executive is allowed only after a

conviction (*In re Dick Williams,* 149 N. C., 436), and further, it is
the established and usual custom of the Executive Department not to
consider such application while such conviction is being in any way
resisted by appeal or otherwise. Under these circumstances a criminal
prosecution in this State should be subject to the rule very generally
obtaining, that an application for a continuance by a defendant is
referred to the discretion of the trial judge. *S. v. Sultan,* 142 N. C.,
569.

There is no error, and the judgment of the Superior Court must be
affirmed.

No error.