STATE v. GENEVA JONES.

(Filed 30 October, 1918.)

**1. Homicide—Murder—Accessory—Criminal Law—Evidence—Statutes.**

Testimony that the accused had asked the one convicted of the murder of her husband to kill him, and that he accomplished the act the morning afterwards, at the place she designated, is sufficient for a conviction of murder, as an accessory before the fact. Revisal, sec. 3287.

**2. Homicide—Murder—Evidence—Accomplice.**

The unsupported testimony of an accomplice is sufficient for conviction of murder, though evidence of this character should be received with caution, and the court, in his discretion, may so instruct the jury.

**3. Evidence— Witness— Prisoner — Under Death Sentence — Expiration of Sentence—Habeas Corpus—Statutes.**

When the State has procured the attendance of a witness under sentence of death, the objection by the defendant that he could not be procured by writ of *habeas corpus, ad testificandum* (Revisal, sec. 1855) is untenable, this not applying to the State; nor will objection avail that the time set for the execution had passed, and the witness, being dead, in the eye of the law, could not testify, the witness having been present and having testified.

APPEAL by defendant from *Bond, J.,* at May Criminal Term, 1918, of DURHAM.

The defendant was convicted as an accessory before the fact to the murder of her husband, Robert Jones, by one Lonnie Council. Council had been convicted, at a previous term, of murder in the first degree, and was in the State's Prison at Raleigh, awaiting execution, at the time of the trial of the defendant herein.

Defendant, at the close of State's evidence, moved for judgment as of nonsuit under the statute, and the motion being overruled, defendant excepted.

Lonnie Council testified, among other things: "She (the defendant) spoke that day something about what I and her had been talking about and what she asked me to do. She wanted me to kill him; said he was no account to her—couldn't do any work for her. She said she didn't want him."　.　.　.

Q. "Did you agree to kill him for her?" A. "I didn't exactly agree to do that until the night we come back from the burial, and she told me what time he would come down to this short-dog train. He was working for the railroad. She told me he would come in on the 6:30 train, going towards Raleigh, eastbound. Where he got off would be at the coal chute, and right there was where I would meet him, and I could do what she asked me to do."

This conversation occurred on the day before Lonnie Council killed Robert Jones at the coal chute, the killing occurring on 8 February, 1918. Soon after his arrest, and while in jail, he made a similar statement to J. W. Stone and to E. G. Belvin.

It appeared that the time fixed for the execution of Council in the sentence of death pronounced at the time of his trial had expired at the time of the trial of this action, and the defendant objected to his examination as a witness because the time for his execution having passed, he was dead, in the eyes of the law, and, further, if not dead, he was under sentence of death and could not be brought to the trial to testify.

Objections overruled, and the defendant excepted.

There was a verdict of guilty and a judgment of imprisonment for life, from which defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*R. O. Everett for defendant.*

ALLEN, J.   The statute (Rev., sec. 3287) defines an accessory before the fact as one who "shall counsel, procure, or command any other person to commit any felony," and the testimony of Council clearly comes within the statute, as it shows that the defendant counseled and procured the commission of the crime.

The credibility of the witness was for the jury, as it is established by a long line of authorities in this State that while the evidence of an accomplice ought to be received with caution, and that the court in its discretion may so instruct the jury, it is sufficient, uncorroborated, to support a verdict of guilty. *S. v. Honey,* 19 N. C., 390; *S. v. Holland,* 83 N. C., 624; *S. v. Barber,* 113 N. C., 713; *S. v. Shaft,* 166 N. C., 409.

The motion for judgment of nonsuit was therefore properly overruled.

The objection that Council was disqualified because, being under sentence of death, a writ of *habeas corpus ad testificandum* could not issue to compel his attendance, under Revisal, sec. 1855, is met by the decisions in *S. v. Adair,* 68 N. C., 68, and *Ex parte Harris,* 73 N. C., 65, holding that this statute does not apply to the State, and the objection that the witness was dead, by the fact that he was present in the flesh.

No error.