### STATE v. HARVEY OVERCASH AND ARCH PETHEL.

(Filed 7 December, 1921.)

**1. Criminal Law—Indictment—Time Not of the Essence.**

Ordinarily it is not required that an indictment for larceny and receiving charge the exact time of the alleged offense, this not being of the essence thereof.

**2. Same—Evidence—Variance—Indictment.**

Where the trial upon two indictments have been consolidated; and the time of the offense charged as to the appellants is prior to the time alleged as to the other defendants in the second bill of indictment; and the evidence tends to show that the appellants were guilty, at the latter time, this variance between the time charged and the proof is immaterial, and a verdict of guilty will be sustained on appeal.

**3. Criminal Law — Larceny — Accessories— Principals—Conspiracy—Instructions.**

Where the appellants entered a prearranged plan, with others, for the others to enter a certain warehouse and steal goods therefrom, which the appellants were to receive and pay for, and this was accordingly done, the appellants, having aided, abetted, advised, or procured the crime, are guilty with the others as principals, and an exception that the judge adverted to them in his charge as accessories, on the facts presented in this case could have worked no harm to appellants, and is untenable.

APPEAL by defendants from *Bryson, J.,* at April Term, 1921, of CABARRUS.

Criminal action. From a perusal of the record it appears that at said April Term, 1921, a bill of indictment, No. 78, was submitted to the grand jury, charging that the defendants, Harvey Overcash and Arch Pethel, on 29 January, 1921, did feloniously steal, take, and carry away two thousand yards of cloth of the value of two hundred dollars of the goods and chattels, etc., of the Locke Cotton Mills, and there was also a count in the bill for feloniously receiving said property knowing the same had been stolen.

At the same April Term, 1921, there was a further bill submitted, No. 79, charging that on said 29 January, 1921, Fred Widenhouse, William Sides, and Walt Sides with force and arms, at or in the county aforesaid, did break into the warehouse of said Locke Cotton Mills with felonious intent and did there feloniously steal, etc., five bolts of cloth, the property of said company of the value of two hundred dollars, and with a count on bill for feloniously receiving the property. In No. 80 at same term a bill was submitted charging in proper terms, that on 15 January, 1921, William Sides, Dewey Furr, and Roy Hall feloniously did break and enter the warehouse, etc., of the Locke Cotton Mills and then and there did feloniously steal, etc., cloth of the value of two hundred dollars, the property of said company, with a count for receiving, etc.

These bills were all considered and found by the grand jury to be true bills, and the three causes by consent were tried together at said term and before the one and the same petit jury, and all of the defendants were convicted of the crime of larceny, except Roy Hall, he being acquitted of the offense. There was judgment on the verdict, and defendants Overcash and Pethel excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*H. S. Williams, R. Lee Wright for defendants.*

Hoke, J. It is objected to the validity of this conviction that under a bill of indictment charging a larceny as of 29 January, the judge submitted the question of the guilt of these appellants and they have been convicted solely for a larceny as of 15 January, 1921. So far as the bill of indictment is concerned and as a matter of form, unless time is of the essence of the offense, it is fully established that a variance between the allegation as to time and the proof is not material, and that the prosecution, unless it is otherwise required by order of the court, is not restricted to the time named in the bill but may offer evidence as to the commission of the offense charged at any time before indictment found and within the period where no statute of limitations operates to protect the accused. *S. v. Newsom & Brindle,* 47 N. C., 173; Clark, Criminal Procedure, p. 237.

In the present case, the evidence offered on the part of the State tended to show that there were two distinct offenses committed, each constituting a larceny of cloth, the property of the Locke Cotton Mills, one on 15 January, 1921, and the other 29 January; that defendant Overcash was only connected with that of the fifteenth and was not involved in the second offense. The court, therefore, ignoring the date of the charge named in the bill, very properly submitted the question of the guilt of

these defendants as it was presented in the evidence and not otherwise. While there may have been at times some apparent confusion in stating the contention of the opposing parties growing out of the fact chiefly that there were three bills of indictment being tried at the same time, and by one and the same jury, on the issue as to this first bill, No. 78, in which these appellants alone were indicted, the instructions of his Honor were both comprehensive and careful, and on perusal of the record, we are well assured that the rights of defendant have not been prejudiced in the determination of the issue.

Again it is objected that the court in charging the jury referred to evidence tending to show a conspiracy on the part of appellants with others to commit the offense, and of their being accessories before the fact, when there was no charge against defendants covering these positions, but the bill of indictment contained only a direct charge of larceny, and for which the conviction was had. It has long been held "for settled law" in this State that the distinction between grand and petit larceny has been abolished, and unless in case of robbery or in connection with some felonious breaking, that "all felonious stealing has been reduced to the grade of petit larceny," and as to this offense, our decisions are to the effect that there can be no accessories, but all who "aid, abet, advise or procure the crime are principles." *S. v. Stroud,* 95 N. C., 626; *S. v. Fox,* 94 N. C., 928.

While there is no proof that either of these appellants were physically present at the time the goods were stolen, on 15 January, or at any other time, there was testimony on the part of the State from Fred Widenhouse, a defendant in bill No. 80, in effect that on said date of 15 January, he, with Will Sides, a codefendant, were at the house of Arch Pethel, where Pethel and Overcash were at the time, and it was then and there arranged between them that the witness and Sides would steal the cloth from the Locke Cotton Mills and bring and deliver it to appellants, who were to take same and pay for it, and pursuant to this arrangement the witness and Sides, associating the other defendants with them, did steal the cloth in question from the company's warehouse, delivered same to appellants that same night about 9:30 o'clock, and appellants paid them for it, part in money and part in whiskey.

The fact that this arrangement spoken of may have amounted to a conspiracy to steal does not render the evidence incompetent on the issue presented, as it clearly tends to show that appellants "advised and procured the crime" and would justify a conviction for the consummated offense.

There is no reversible error and the judgment on the verdict is affirmed.

No error.