STATE v. GUS GEURUKUS.

(Filed 16 May, 1928.)

**Criminal Law—Instructions—Objections and Exceptions.**

A *lapsus linguæ* of the judge in stating his recollection of what witnesses testified to a fact in evidence should be brought to the attention of the judge at the time, and when this is not done it will not be considered on appeal.

APPEAL from *Webb, J.,* and a jury, at November Term, 1927, of MECKLENBURG. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*J. D. McCall for defendant.*

PER CURIAM. The defendant was convicted, under a bill of indictment, charging him with criminal abortion, an offense against C. S., 4226. The State's evidence made out all the material elements of the offense and was sufficient to be submitted to the jury.

The only assignment of error relied on by defendant in this Court is expressed in defendant's brief, as follows: "Question involved—court's erroneous instruction as to testimony of John Henry Robinson, who didn't testify." While recapitulating the evidence of the State, the court said: "An old colored man stated that he got some medicine for this defendant. You will recollect what he stated about it." As a matter of fact, this old colored man was not put upon the stand, but there was direct evidence that he did procure the medicine at the instigation of the defendant and the prosecuting witness; the defendant, however, denying that he had anything to do with it. This mistake, *lapsus linguæ,* should have been corrected at the time that the court made it. It is a mere inadvertent slip which occurred in stating the evidence, which frequently occurs. In order that an exception should be sustained in this Court for such inadvertence, it must be brought to the attention of the court below at the time it is made. Consequently, it cannot be relied upon here. Defendant's counsel in his brief states that he was not in the courthouse at the time that this was done. This cannot in any way affect the rule so often adhered to in this Court. The court below subsequently, however, told the jury: "You will recollect all of the evidence, gentlemen. I will not have the stenographer read all of her notes, but if you disagree, I will have the stenographer read her notes, or a part of them, of any witness who has been examined. . . . While her notes will not bind you, they will refresh your memory." This, of course, puts the question of who testified, and what they testified to, up to the jury. *S. v. Sinodis,* 189 N. C., 565; *S. v. Johnson,* 193 N. C., 701.

No error.