STATE v. PEARLIE WHITEHURST, J. O. MANNING AND DOC MOORE.

(Filed 20 April, 1932.)

1. **Larceny A c—Physical presence at time of commission of the crime is not essential for conviction of larceny.**

   Physical presence at the scene of larceny is not absolutely essential to a conviction, and where a party actually procures the commission of the crime by others or aids or abets the commission thereof by them he is guilty as a principal.

2. **Criminal Law L e—Instruction in this case held not prejudicial to the defendant.**

   In a prosecution of several defendants for the larceny of a cow the division of the proceeds from the sale of the cow is not an element of the crime, and on the question of the guilt of one of the defendants a charge of the court requiring that the jury should find that he received a part of the proceeds before convicting him, if erroneous because not supported by the evidence, is not prejudicial to the defendant.

**3. Criminal Law I g—Error in statement of contentions should be brought to court's attention in apt time.**

An inadvertence in the statement of the contentions of the State in a criminal prosecution must be brought to the trial court's attention in apt time.

CRIMINAL ACTION, before *Sinclair, J.,* at November Term, 1931, of PITT.

The defendants were indicted for stealing a cow of the value of $31.90. There was a second count for receiving. The defendant, Pearlie Whitehurst, pleaded guilty, and thereafter testified in behalf of the State. His testimony was to the effect that the defendant, Manning, went with him to Tarboro to engage some beef and that upon returning Manning told him to butcher a bull. On the night of the larceny the State's witness and Manning traveled in a truck belonging to Manning until they arrived at Manning's home. Manning got out "and sent Doc Moore" with the witness, Whitehurst, "to kill the beef down to the pasture which is two or three miles from the Manning farm." When the defendants, Moore and Whitehurst, arrived at the pasture they undertook to kill a bull, but the bull got away, and thereupon they killed a cow belonging to one Zeb Whitehurst. After butchering the cow they took the beef to Tarboro and sold it for $25.00. The defendant, Whitehurst, received $10.00 of the proceeds of the sale. Whitehurst further testified that he "did it because Oscar Manning asked him to do it." The evidence for the State further tended to show that at the time Moore and Whitehurst stole and butchered the cow that Manning was not present and was then at his home about three miles away. Manning denied that he had anything to do with the killing or that he knew anything about it. There was no competent evidence that Manning received any part of the proceeds of the beef. Moore and Manning were convicted of larceny by the jury, and thereupon Manning appealed from the judgment pronounced.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Julius Brown for Manning.*

BROGDEN, J. Can a person be convicted of larceny who is not present when the crime is committed?

The judge charged the jury as follows:

"Now, gentlemen, the court charges you that if you find that Doc Moore and Whitehurst, or either of them, engaged the sale of that cow which was to be stolen and turned to beef, and you find that Manning

was a party to it and that he suggested it to the others, or either of them, and that in consequence of his suggestion and direction that they or either of them did steal the cow and butcher it and sell the beef and Manning knew it, that he was coöperating with them, participated in the entire enterprise with them and expected to get, and did get a part of the proceeds of the cow, I charge you that that would make him just as guilty of the larceny of the cow as if he had actually gone and butchered the cow and sold it himself. . . . It makes no difference whether he was present or not, because it would be what the law calls *particeps criminis,* he would be a party to the entire transaction, and all three would be guilty, if you find that all three were coöperating in pursuance of a common purpose in stealing this cow and butchering it for sale. . . . Now, gentlemen, if you are satisfied beyond a reasonable doubt that Moore and Manning, or either of them, entered into the agreement, upon an enterprise with Pearlie Whitehurst, he engaging the sale of this beef, to steal this cow and have it butchered and carry it off and sell it and did it, it would be your duty to return a verdict of guilty as to both, or either one of them, if you are so satisfied of their guilt beyond a reasonable doubt, if you are not so satisfied you would return a verdict of not guilty as to both, or such one of them as you may find not guilty, the burden being upon the State to satisfy you of the guilt of both beyond a reasonable doubt."

Discussing the crime of larceny in *S. v. Overcash,* 182 N. C., 889, 109 S. E., 626, *Hoke, J.,* said: "As to this offense, our decisions are to the effect that there can be no accessories, but all who aid, abet, advise or procure the crime are principals." *S. v. Stroud,* 95 N. C., 627; *S. v. Fox,* 94 N. C., 928. After adverting to the agreement by the parties the opinion concludes as follows: "The fact that this arrangement spoken of may have amounted to a conspiracy to steal does not render the evidence incompetent on the issue presented, as it clearly tends to show that appellants advised and procured the crime and would justify a conviction for the consummated offense."

Consequently physical presence at the scene of larceny is not deemed to be absolutely essential to conviction if it appears that the defendant actually "advised and procured the crime" or aided and abetted the commission thereof. There is no evidence that the defendant, Manning, received any part of the proceeds of the sale of the beef and he insists that the instruction of the trial judge to the jury containing the expression that the defendant got "a part of the proceeds of the cow" is error. However, even if it be conceded that this statement was error, it was error against the State rather than the defendant, because it imposed upon the State a heavier burden than it was required to bear, for

the reason that the defendant would be guilty if the jury found beyond a reasonable doubt that he aided, abetted, advised or procured the commission of the crime whether he shared in the proceeds thereof or not.

There is further exception to the fact that the trial judge stated that the State contended that the defendant, Manning, received $10.00 of the proceeds of the sale of the beef. when there was no evidence to support such contention. But this Court has invariably held that an inadvertence in a statement of contentions must be called to the attention of the trial judge at the time. *S. v. Sinodis,* 189 N. C., 565, 127 S. E., 601; *S. v. Johnson,* 193 N. C., 701, 138 S. E., 19; *S. v. Geurukus,* 195 N. C., 642, 143 S. E., 208.

No error.