STATE v. M. D. BENNETT.

(Filed 20 May, 1953.)

**1. Conspiracy § 6—**

Evidence tending to show an agreement under which an employee of a woodworking plant was to steal doors from his employer and deliver them to defendant's premises at an agreed price per door is sufficient to overrule nonsuit in a prosecution for conspiracy to commit larceny.

**2. Criminal Law § 9—**

All persons who participate in treason or the commission of misdemeanors, or petit larceny, even though it be a felony, are guilty as principals, the distinction between principals and accessories being made only in respect to felonies generally.

**3. Same: Larceny § 3—**

In North Carolina all simple larceny, whether felonious or nonfelonious, is made petit larceny by statute, G.S. 14-70, and therefore evidence that defendant procured another to steal doors of a value greatly in excess of one hundred dollars and deliver them to defendant's premises, is sufficient to overrule nonsuit in a prosecution of defendant for larceny, since his participation in petit larceny, even though a felony, constitutes defendant a principal.

**4. Criminal Law § 44—**

A motion for a continuance is addressed to the discretion of the trial court, and when it appears that the motion was based on the absence of defendant's counsel, but that defendant was nevertheless represented by other counsel who was thoroughly familiar with the case, and who ably represented defendant throughout the trial, the record fails to show abuse of discretion in denying the motion.

**5. Criminal Law § 48c—**

Where at the time of their admission in evidence and again in the charge, the court instructs the jury that the confessions of codefendants should not be considered against defendant, the admission of the confessions cannot be held for error as to the defendant.

**6. Conspiracy § 5—**

The testimony of an accomplice relating to matters in furtherance of the common design is competent against a defendant in a prosecution for conspiracy.

**7. Criminal Law § 81c (3)—**

The admission of evidence which could not have affected the verdict will not be held for reversible error.

**8. Criminal Law § 53d—**

Where the State's direct evidence is sufficient to warrant conviction, the failure of the court to give specific instructions on the circumstantial evidence is not error.

APPEAL by defendant from *Bone, J.,* and a jury, at June Term, 1952, of CUMBERLAND.

Criminal prosecution upon an indictment charging both a conspiracy to commit larceny and larceny.

For convenience of narration, M. D. Bennett is called the defendant.

The defendant and four others, to wit, Buster Reaves, Mack Rogers, L. W. Smiley, and Hubert Smith were indicted by the grand jury upon two counts at the March Term, 1952, of the Superior Court of Cumberland County. The first count charged them with a conspiracy to steal doors belonging to the Thomasson Plywood Corporation of the value of more than $100.00; and the second count charged them with the actual larceny of doors owned by the Thomasson Plywood Corporation of the value of more than $100.00.

When the case was called for trial at the June Term, 1952, of the Superior Court of Cumberland County, Rogers and Smiley pleaded guilty and testified in behalf of the State against the defendant, Reaves and Smith, who entered pleas of not guilty to both counts.

The only evidence at the trial was that offered by the State. The record as certified to us omits all reference to the fate of Reaves and Smith. It reveals, however, that the petit jury convicted the defendant on both counts; that Judge Bone sentenced the defendant to imprisonment in the county jail on both counts; and that the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Malcolm McQueen and James MacRae for defendant, appellant.*

ERVIN, J.  The defendant makes these assertions by his assignments of error:

1. That the trial judge erred in denying the motion of the defendant for a compulsory nonsuit.

2. That the trial judge erred in refusing to grant the defendant a continuance.

3. That the trial judge erred in admitting certain testimony.

4. That the trial judge erred in failing to give the petit jury an instruction on circumstantial evidence.

When the testimony at the trial is interpreted in the light most favorable to the State, it makes out this case:

The Thomasson Plywood Corporation manufactured doors at its plant in the City of Fayetteville. Rogers was foreman of its night shift. On 1 August, 1951, the defendant and Rogers entered into an arrangement whereby Rogers agreed to steal doors from the Thomasson Plywood Corporation and place them upon the premises of the defendant on the Lumberton Road, and whereby the defendant agreed to pay Rogers $3.00 for each stolen door left by him at such place. Between 1 August, 1951, and 29 January, 1952, Rogers stole some 700 doors worth from "$7.00 to $11.00" apiece from the Thomasson Plywood Corporation, and caused Reaves, Smiley and Smith, who were his subordinates, to remove them by motor truck under the cover of darkness from the plant of the Thomasson Plywood Corporation in the City of Fayetteville to the premises of the defendant on the Lumberton Road. The defendant accepted these stolen doors, and paid Rogers the stipulated price for them in cash. On 29 January, 1952, peace officers of Cumberland County found 182 of the stolen doors on the defendant's premises.

Since the State's evidence suffices to show an agreement between the defendant and Rogers to take by larceny doors belonging to the Thomasson Plywood Corporation, it is ample to withstand an involuntary nonsuit on the first count of the indictment. *S. v. Dean,* 35 N.C. 63; *People v. Bond,* 291 Ill. 74, 125 N.E. 740; *Davis v. State,* 197 Ind. 448, 151 N.E. 329.

Under G.S. 14-72 as amended, the larceny of property of the value of more than one hundred dollars is a felony. *S. v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920, 156 A.L.R. 625. The State's testimony makes it crystal clear that the stolen doors were worth several thousands of dollars, and that the defendant was not actually or constructively present at the time and place of their theft. Despite these considerations, the State's evidence is sufficient to support the conviction of the defendant as a principal in the larceny charged in the second count of the indictment. This is true because of the peculiar rule which prevails in North Carolina in respect to persons concerned in the commission of a felonious larceny.

The distinction between principals and accessories is made only in felonies. All persons who participate in treason or in misdemeanors, whether present or absent, are indictable and punishable as principals. 22 C.J.S., Criminal Law, section 81. The rule governing treason and misdemeanors was also applied to petit larceny at common law, although it was a felony. Blackstone: Commentaries on the Laws of England, Book 4, 36; Brill: Cyclopedia of Criminal Law, section 219. In North Carolina all simple larceny, whether felonious or nonfelonious, has been made petit larceny by the ancient statute now codified as G.S. 14-70. As a consequence of this enactment, there can be no accessories to larceny in North Carolina, and the common law rule that all persons who participate in a petit larceny, whether present or absent, are indictable and punishable as principals is established law in North Carolina. *S. v. Whitehurst,* 202 N.C. 631, 163 S.E. 683; *S. v. Overcash,* 182 N.C. 889, 109 S.E. 626; *S. v. Stroud,* 95 N.C. 626; *S. v. Fox,* 94 N.C. 928; *S. v. Tyler,* 85 N.C. 569; *S. v. Gaston,* 73 N.C. 93, 21 Am. R. 459; *S. v. Shaw,* 49 N.C. 440; *S. v. Barden,* 12 N.C. 518. It necessarily follows that the evidence indicating that the defendant procured Rogers to steal the doors is sufficient to overcome the motion for a compulsory nonsuit on the second count. *S. v. Whitehurst, supra; S. v. Overcash, supra.*

The motion of the defendant for a continuance because of the absence of one of his attorneys was addressed to the sound discretion of the trial judge. There is no basis for any contention that the trial judge abused his discretion or jeopardized any right of the defendant in denying the motion. *S. v. Birchfield,* 235 N.C. 410, 70 S.E. 2d 5. The defendant was ably represented at the trial by another attorney who was thoroughly familiar with the case and who made a gallant fight in his behalf. *S. v.*

*Davis,* 203 N.C. 13, 164 S.E. 737; *Shelton v. Commonwealth,* 255 Ky. 745, 75 S.W. 2d 494; *State v. Davis,* 191 Iowa 720, 183 N.W. 314.

The defendant, Reaves and Smith were jointly tried. The trial judge allowed the State to present in evidence as against Reeves and Smith extrajudicial confessions made by them. The receipt of these confessions cannot be held for error as to the defendant. This is true because the trial judge instructed. the jury with particularity both at the time of their admission and during the course of the charge that the confessions were not evidence against the defendant, and that they were not to be considered by the jury in any way in determining the charges against him. *S. v. Flynn,* 230 N.C. 293, 52 S.E. 2d 791; *S. v. Murray,* 216 N.C. 681, 6 S.E. 2d 513; *S. v. Walton,* 172 N.C. 931, 90 S.E. 518; *S. v. Cobb,* 164 N.C. 418, 79 S.E. 419; *S. v. Collins,* 121 N.C. 667, 28 S.E. 520; *S. v. Rinehart,* 106 N.C. 787, 11 S.E. 512. The testimony of Rogers, who was a witness for the State, that he paid Reaves, Smiley and Smith for hauling the stolen doors from the plant of the Thomasson Plywood Corporation to the premises of the defendant was relevant to the issue. Rogers made the payments during the existence of the conspiracy and in furtherance of its object. He was not rendered incompetent to testify in behalf of the prosecution by the fact that he was an accomplice of the defendant. *S. v. Jones,* 176 N.C. 702, 97 S.E. 32; *S. v. Shaft,* 166 N.C. 407, 81 S.E. 932, Ann. Cas. 1916C, 627; *S. v. Weir,* 12 N.C. 363. The admission of the evidence of Sheriff Guy that certain building materials on the defendant's premises bore no labels must be deemed harmless to the defense. The exclusion of this evidence could not have resulted in a different verdict. *S. v. Glover,* 208 N.C. 68, 179 S.E. 6.

Since the State's case was based for the most part on direct evidence sufficient in itself to warrant conviction, the trial judge did not err in failing to give the jury specific instructions on circumstantial evidence. *S. v. Hicks,* 229 N.C. 345, 49 S.E. 2d 639; *S. v. Neville,* 157 N.C. 591, 72 S.E. 798. The defendant did not request any such instructions at the trial.

For the reasons given, the trial and judgment will be upheld.

No error.