STATE v. JAMES EDWARD TABORN AND WILLIE EDWARD, ALIAS BOZO WILLIAMS.

(Filed 2 November, 1966.)

**1. Criminal Law § 90—**

The extra-judicial confession of one defendant is competent against him, and objection of codefendants on the ground that the statements also implicated them cannot be sustained when the court properly limits the admission of the testimony solely against the defendant making it, and therefore the fact that the witness in giving the testimony pointed toward the codefendants is not ground for objection, the witness' testimony being properly limited.

**2. Criminal Law § 131—**

The fact that the sentences imposed upon conviction of defendants for a crime jointly committed by them are not equal does not constitute cruel and unusual punishment, the length of sentences to be imposed being within the sound discretion of the trial court.

APPEAL by defendants from *Johnson, J.,* July 1966, Criminal Session, GRANVILLE Superior Court.

This is a criminal action in which James Edward Taborn, Willie Edward "Bozo" Williams and Charles Henry Royster were all tried under identical bills of indictment charging them with the crime of armed robbery. The cases were consolidated for trial and all three defendants pleaded not guilty.

The prosecuting witness, Lindsay Allen, testified that on the night of 27 June, 1966, he went to a ball game to locate a girl by the name of JoAnn McNeill, who had previously telephoned him concerning domestic work. One of the defendants told him that he knew JoAnn McNeill and that he would show him where she lived. The defendants and this witness crossed the street and approximately twenty feet on the other side of the street the defendant Taborn came out of the bushes with a long stick and told Allen that he wanted his watch and money, whereupon all three defendants began beating him with sticks. He testified that they stomped him and kicked him, and while they were beating on him he felt his wallet with $38 in it being removed from his hip pocket and felt his Bulova wrist watch being jerked off his arm. Allen's injuries kept him in the hospital four days.

Cecil Taylor testified that he saw two of the defendants, Taborn and Williams, beating Mr. Allen.

Nathan E. White, a police officer, testified that the defendant Royster confessed that he had assaulted Allen but denied that he had robbed him.

Taborn and Williams claimed the alibi that they were taking

part in the ball game at the time the crime was committed and offered two witnesses for corroboration.

Royster admitted that he participated in the attack on Allen with Williams and Taborn, but that he did not take anything from him nor did he see Williams or Taborn take any item from Allen.

The jury returned verdicts of guilty of armed robbery as to all three defendants. Royster received a sentence of five to seven years. Williams was sentenced to twelve to fifteen years, and Taborn's sentence was eighteen to twenty years.

Williams and Taborn appealed.

*Attorney General T. Wade Bruton, Assistant Attorney General George A. Goodwyn for the State.*

*T. S. Royster, Jr., for defendants appellants.*

PER CURIAM. Witness for the State, N. E. White, testified to a confession made to him by the defendant Royster, which was not admitted against the defendants Taborn and Williams. White used the word "subjects" as descriptive of persons who participated with him (Royster) in the crime. At one point in his testimony White pointed with his finger toward the defendants Taborn and Williams. Upon their objection, the Court overruled it "unless he is pointing to somebody." The Court directed the witness to point toward the ceiling instead. The defendants contend the Judge committed prejudicial error in failing to sustain their objection to this. We cannot agree. Bobbitt, J., speaking for the Court in *S. v. Kerley*, 246 N.C. 157, 97 S.E. 2d 876, stated: "Where two or more persons are jointly tried, the extra-judicial confession of one defendant may be received in evidence over the objection of his codefendant(s) when, but only when, the trial judge instructs the jury that the confession so offered is admitted as evidence against the defendant who made it but is not evidence and is not to be considered by the jury in any way in determining the charges against his codefendant(s). *S. v. Bennett*, 237 N.C. 749 (753), 76 S.E. 2d 42, and cases cited. While the jury may find it difficult to put out of their minds the portions of such confessions that implicate the codefendant(s), this is the best the Court can do; for such confession is clearly competent against the defendant who made it." Stansbury discusses this same point by saying: "Confessions of one defendant are not evidence against a codefendant, but they may be admitted against the one making them with instructions to the jury not to consider them against the codefendant, and this is true although they implicate the defendant as to whom they are inadmissible." Stansbury, North Carolina Evi-

dence, 2d Edition, Sec. 188. The evidence was limited by proper instruction and we do not find any prejudicial error.

We have considered the exceptions to the charge and find them without merit.

Finally, the defendants argue that it was cruel and unusual punishment because of the distinctions in the sentences of the three defendants. The sentencing is within the sound discretion of the Judge so long as it is within the statutory limits. There is no such thing as a "science of penology". No human being has the perfect and error-proof ability to say, down to the exact year, how much time, through imprisonment, shall be taken from the life of his fellow man. But, the trial judge has information and observation not available to us. We cannot, and would not, say he was wrong.

No error.