Pearson, C. J.
 

 There is error. The evidence did not prove the allegation in the indictment: that the robbing was committed “in the common and public highway of the State,” and the court erred in ruling “ that the said road is, and was at the time of such robbery, a highway.”
 

 The benefit of Clergy is taken from the offence of robbing any person in or near any public Highway. Statutes Hen. 8, and Ed. 6, re-enacted, Rev. Stat., ch. 34, sec. 1, and also re-enacted, Rev. Code, ch. 34, sec. 2, in connection with sec. 22.
 

 These statutes, from the earliest time, have received a uniform construction, by which it is held, that although, at the date of the passage of the original acts, there were three sorts of public highways: one called
 
 uiter,”
 
 over which the people passed on foot, another called “
 
 actus,"
 
 over which they passed on foot or on horseback, and a third called
 
 “via,”
 
 over which they passed on foot or on horseback, or in vehicles with wheels; Coke Lit 56, a, b, and although the statutes use the words, “public highway,” still they do not embrace any but the last kind: the
 
 “via,
 
 or by
 
 *144
 
 way of pre-eminence
 
 the higlway.
 
 1 Hale, 535,
 
 ibid
 
 333; 2 Hawk., 476; 4 Blackstone, 373. For it was considered that the mischief intended to be remedied existed in a special degree in regard to the
 
 “ via,”
 
 or highway of most importance ; that is, those over which all of the King’s subjects were at liberty to pass and re-pass on foot, on horseback, and in carriages; and it was resolved by the Judges that a statute so highly penal, and affecting human life, should be confined to the most important kind, and could not, by construction, be made to include the two other kinds, notwithstanding the mischief in some degree extended to them.
 

 Such being the known construction of these statutes, at the time they were re-enacted in this State, it follows, as a matter of course, that our courts must continue them in the same manner, and confine their operation to that kind of public highway over which all of the citizens are at liberty to pass, and repass, on foot, on horseback, and in carriages and wagons.
 

 Plankroads or turnpikes adopted by law and used for these three purposes as public highways, it would seem, come within this construction, because -the fact that the agency of individuals or of corporations is used for the purpose of constructing and keeping in repair these kind of public highways in no wise affects the principle or the policy of the statute.
 

 But with respect to rail roads the case is different, and other considerations are involved. A rail road is a public highway,
 
 sub modo,
 
 to be used as such only for a special purpose: that of transporting passengers and
 
 freight
 
 along the road in cars.
 

 It is not free for all the people of the State to pass and repass over, on foot, on horseback, and in carriages and wagons, and the prevention of robbery on a highway of this kind by the penalty of [death is neither within the principle
 
 *145
 
 nor the policy of the statute. Whether, if a robbery should be committed in a car while passing along the track, the offence would come within the statute is a question not now presented, and indeed is one not likely to be presented; for the number of passengers and persons on board takes away • all facilities and temptation to commit the offence. Ours is the case of a robbery committed on an individual who had no right to be upon the road; he was a
 
 trespasser,
 
 and, if forbidden, might have been indicted for a misdemeanor in being there, according to the provisions of the charter of the company, and it is difficult to conceive of any reason why he should be considered more under the protection of the law than if he had been walking in a field, or through the woods. Certainly there is none in respect to the individual or the place, and it is equally certain there is none in ■ respect to the public. The proposition that the offence does not come either within the principle or the ■ policy of the statute, cannot be made plainer by a more elaborate discussion.
 

 Per Curiam. There is error,
 
 vonire de novo.