STATE v. W. W. NICHOLSON.

(Decided April 25, 1899).

*Highway Robbery.*

In an indictment for highway robbery, the words "*at* and *near* a certain highway," etc., are sufficiently descriptive of the locality, and if the robbery was committed at a point fifty or seventy-five yards from the county road and in plain view of the road running parallel to the railroad, it is sufficiently located.

STATE *v.* NICHOLSON.

INDICTMENT for highway robbery, tried before *Coble, J.,* at Spring Term, 1899, of UNION Superior Court.

The indictment charged that the robbery was committed upon one H. A. Lowery in Union County, at and near a certain highway in said County, to-wit, the Monroe and Wingate road.

The prosecutor testified, that he was assaulted, shot and robbed by the prisoner of a pistol, watch and money, and that this occurred about fifty or seventy-five yards from the Monroe and Wingate road—he had not traveled on that road, but on the railroad track.

There was other evidence on the part of the State that the locality indicated was in plain view of the County road, which ran parallel to the Carolina. Central Railroad.

The prisoner testified that he won the property at cards and shot the prosecutor who assaulted him with a stick of wood.

After reading his notes of the evidence, his Honor instructed the jury, in part, as follows:

The defendant is charged with the crime of highway robbery. If the jury find from the evidence beyond a reasonable doubt under the Court's instructions, that in or near the public highway, the defendant assaulted the prosecuting witness, H. A. Lowery, and put him in fear, and that the prosecuting witness surrendered his pistol, watch and money through fear of bodily injury, to the defendant and that the defendant took through such fear from the possession of the prosecuting witness said pistol, watch and money, and carried them away, and that the defendant did this *feloniously,* that is with the intent to deprive the owner of the goods and appropriate them to the defendant's own use, the jury will find the defendant guilty of robbery as charged in the bill of indictment. If the defendant won the property in question playing cards, and did not take the said property in a felonious manner, he could not be found guilty under this bill.

If the jury have any reasonable doubt of the defendant's guilt, the jury will acquit him.

The defendant's exceptions are contained in his counsel's brief subjoined.

There was a verdict of guilty.

The defendant was sentenced to a term of six years in the County jail of said County, to be worked on the County roads —from which judgment he appealed.

### DEFENDANT'S BRIEF IN THE SUPREME COURT.

1. This is an indictment for "highway robbery." The distinction between a public highway and a railroad, in their relation to the crime of "highway robbery," has already been drawn by this Court and clearly indicated by Pearson, C. J., in *State v. Johnson,* (61-140). As regards the place of the commission of the crime, this case is on "all fours" with the case at bar, except that there happened to be a public highway about forty or fifty yards from the right of way of the railroad, of the existence of which neither the prosecuting witness, Lowery, or the defendant, Nicholson, had any knowledge. The object of the English statutes, (23 Henry VIII. and I Edward VI.), making robbery on or near a public highway punishable with death, was evidently to throw a greater protection around those using the "via;" although this crime is no longer punished with death in North Carolina, the reason of the law still exists and the statutes are still in force as a part of our common law, except as to the punishment. The prosecuting witness, Lowery, was not, nor had he been using the public highway, but was a mere trespasser on the right-of-way of the Carolina Central Railroad, and was therefore not entitled to this greater degree of protection. The 1st, 3rd and 7th instructions asked by the defendant

should therefore have been given.   *State v. Johnson,* 61-140.

2. His Honor erred in his definition of "feloniously" as contained in Section 1 of his instructions to the jury in that he omitted the word "fraudulently" or its equivalent in said definition.   "Felonious intent, or *animus furandi,* means an intent fraudulently to appropriate the goods of another." Archibold Crim. Practice and Pl., 2 Vol., 6 Ed., 366-4. Cited *State v. Powell,* 103 N. C., 431.

3. The evidence in this case clearly raised the question as to whether the defendant was guilty of robbery or of forcible trespass.

The alleged act of robbery was committed in open day time, with no effort on the part of the defendant to conceal his identity.   Prosecuting witness, Lowery, and defendant, Nicholson, were reared in the same community, within three miles of each other, and had been on terms of intimacy for a number of years.   Just prior to the alleged act, the prosecuting witness and the defendant had been relating and discussing incidents and reminiscences of the past, and Nicholson had spoken of certain of Lowery's kins-people whom he had recently seen in South Carolina.

These were facts which would tend strongly to rebut the inference of *felonious* intent, and which rendered it all the more incumbent upon the Court to have instructed and explained fully the distinction between the offense of forcible trespass, which is the act unaccompanied by felonious intent, and the offense of robbery, which is accompanied by felonious intent.

His Honor failed to instruct the jury as to the difference between these crimes or in any way to call attention to the nice distinction between them.   This was error.   Code, Section 413; *State v. Boyle,* 104-800; *McCracken v. Smathers,*

STATE v. NICHOLSON.

119-617; *State v. Sowles,* 61-151; *State v. Deal,* 64-270; *State v. Coy,* 119-901.

T. L. CAUDLE & IREDELL HILLIARD,
*Attorneys for the Defendant.*

FAIRCLOTH, C. J.   In *State v. Bradburn,* 104 N. C., 881, the indictment was robbery "near the highway." The facts were that defendant and prosecutor went up the railroad and took a path to a point twenty steps from the railroad and thirty steps from the County road running parallel to the railroad. At that point the jury found that the robbery was committed. This was held to be robbery.

In the present case the indictment was robbery "at and near a certain highway." The facts are that the defendant and prosecutor walked on the railroad some distance, when defendant stepped off forty or fifty yards and called prosecutor to him, at a point fifty or seventy-five yards from the County road, and in plain view of the road running parallel to the railroad. At that point the jury find that the robbery was committed. The facts and finding in the two cases are, in substance, the same and upon that authority we hold that the present is a case of robbery. We can find no error in the charge of the Court. We were favored with some discussion, as to whether a railroad is a public highway, but that is outside the case, as we have a case of robbery with reference to the County road.

Affirmed.