HOLT v. JOHNSON.

(Filed October 22, 1901.)

1. REFERENCES—*Findings of Court—Conclusive.*

Findings of fact by a referee, under a consent reference, are conclusive if there is any evidence to support them.

2. EVIDENCE—*Principal and Agent—The Code, Sec. 590.*

Where an agent is sent to notify a person to go to see the principal, such person can not, after the death of the principal, testify to the declarations of the agent as to statements made to him by the principal.

3. EVIDENCE—*Declarations—Incompetent—Corroboration.*

Incompetent declarations do not become competent because they tend to corroborate the evidence of other witnesses.

ACTION by T. B. Holt, executor of N. G. Burns, against Barney Johnson and F. M. Johnson, his wife, heard by Judge *H. R. Starbuck,* at April Term, 1901, of the Superior Court of WAKE County. From a judgment for the plaintiff, the defendants appealed.

*Herbert E. Norris,* for the plaintiff.
*W. J. Peele,* and *A. J. Field,* for the defendants.

FURCHES, C. J. This is an action upon a note and to foreclose a mortgage given to secure the same. The execution of the note and mortgage is admitted, and the only ques-

HOLT v. JOHNSON.

tion presented by the appeal is whether the defendant shall be charged with 8 per cent interest or 6 per cent.

At April Term, 1900, the following order was made: "It is, by consent, decreed that this case be referred to S. F. Mordecai to find the law and the facts, and that judgment may be entered thereon out of term."

This seems to have been a submission to arbitration rather than a reference for an account; but as the referee and the parties have treated it as a reference rather than a submission, we will so treat it. But treating it as a reference, the findings of fact are conclusive if there was any evidence to base them upon, as the order was by consent. And there is no exception to the finding of any fact upon the ground that there was *no evidence* to support it. The note on its face is for 8 per cent, but it is alleged by defendant that the testator, before the note was executed, promised to reduce it to 6 per cent if the Legislature, soon to meet, should reduce the rate of interest to 6 per cent; and that after the Legislature had reduced the rate of interest to 6 per cent, he again promised to do so, and that he should only be charged with 6 per cent. The note being at 8 per cent, the burden was upon the defendant to show that it should be reduced to 6. The referee found that defendant had failed to show this, and so reported to the Court. This being purely a question of fact, the referee's finding must stand unless he has based his finding on improper evidence. This the defendant alleges he has done, and files numerous exceptions.

The first exception (a) is to the evidence of John Kent, introduced by defendant and objected to by plaintiff. This objection was overruled, and of course the defendant can not complain of that. But it does not seem to us that this evidence was competent, and had plaintiff's objection been sustained, the defendant would have had no cause to complain. It was the detailing of a conversation with the witness and the defendant Johnson, and was incompetent.

HOLT *v.* JOHNSON.

It seems that the witness owed the testator a note, and he had sent word by Johnson to the witness Kent to come and see him and he would reduce Kent's interest to 6 per cent. And the defendant contends that this made Johnson the agent of the testator, and therefore the evidence was competent. But the error in defendant's contention consists in the fact that, while Johnson was testator's agent to tell Kent to come and see him and he would reduce the interest on his note to 6 per cent, he was not the testator's agent to tell Kent that testator said he had promised to reduce his (Johnson's) interest to 6 per cent.

It is also contended that it corroborated Kent's evidence and was competent on that account. But we do not understand the rule to extend to the extent of making a party's declarations competent that are otherwise incompetent, because they may tend to corroborate the evidence of some *other witness.* Besides, they do not corroborate Kent, as Kent said: "Johnson came to see me and told me that Mr. Burns (testator) wanted to see me. He said he wanted to see me about my note. That is all the message he delivered from Burns. This is the only message that Johnson brought me from Burns." So it is seen that Johnson's evidence did not corroborate Kent. Besides, it was incompetent under section 590 of The Code, as Johnson would not have been allowed, under objection, to have testified to anything Burns said to him about altering the interest from 8 to 6 per cent. This discussion of Kent's testimony is intended to apply to defendant's exceptions B and C, as well as to exception A.

The defendant Johnson was then examined, and testified, under objection, as to his conversation with Kent, which was ruled out by the referee and the Court, and defendant excepted as indicated by exceptions D and E. We have sufficiently discussed these exceptions, in discussing exceptions B and C. Plaintiff's exceptions F and D were overruled, and defendant has no cause to complain at that.

There are a number of other exceptions, all of which have been examined and carefully considered, and none of which can be sustained. But they do not seem to be of sufficient importance to demand a separate discussion.

We are, therefore, led to the conclusion that the judgment should be

Affirmed.