## LYON v. PHILLIPS.

A complaint in claim and delivery to recover a crop raised by a lessee on the leased premises, which alleges a right of possession of the crop in plaintiff under the lease, and also under a chattel mortgage executed by the lessee, does not set up inconsistent causes of action so as to require plaintiff to elect on which cause he will proceed to trial.

A lease of a farm on shares gave to the tenant two-thirds of the crops raised on the premises, but stipulated that the title to the crops should remain in the landlord until the conditions of the lease had been complied with by the tenant and all indebtedness that might be due paid. Held that, as the lessee on performing the stipulations of the lease would be entitled to two-thirds of the crop raised, he had an equitable interest in the crop, prior to the performance of the conditions, so that he could mortgage the same.

The complaint in claim and delivery for a crop raised by a lessee on the leased premises alleged that plaintiff, the lessor, claimed title under a chattel mortgage executed by the lessee and duly recorded. It appeared that defendant prior to the time he levied on the crop had actual notice of the mortgage. Held, that the contention that defendant was misled by the claim under the mortgage was without merit.

Where, in claim and delivery for a crop raised by a lessee on the leased premises, plaintiff claimed the crop under a chattel mortgage executed by the lessee to a third person and held by plaintiff, evidence that the mortgage and the notes secured thereby were taken in the name of the third person, but in fact belonged to plaintiff, and that plaintiff had frequently taken notes and mortgages in the name of the third person before and since the notes and mortgage in question were executed, with the consent of the third person, was admissible as showing the validity of the notes and mortgage as against the objection that they were executed to the third person without his knowledge and were never delivered to him.

In claim and delivery for a crop raised by a lessee on leased premises, the evidence showed that the lease stipulated that the ownership of the crop should remain in plaintiff, the lessor, until the conditions of the lease had been complied with, and also showed the execution by the lessee of a chattel mortgage covering the crop, and plaintiff's ownership of the mortgage and the existence of the indebtedness due on the lease and the chattel mortgage at the time defendant levied on the crop. There were no circumstances throwing any suspicion on the transaction. Held, that the court properly directed a verdict for plaintiff.

(Opinion filed, August 1, 1906.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by W. H. Lyon against N. E. Phillips. From a judgment for plaintiff, defendant appeals. Affirmed.

*Joe Kirby,* for appellant. *Davis, Lyon & Gates,* for respondent.

CORSON, J. This is an appeal from a judgment entered. upon a directed verdict. The action was instituted in claim and de-livery to recover the possession of a certain quantity of flax seed alleged to have been seized and taken into his possession by the defendant and which the plaintiff claimed to own by virtue of a certain farm lease executed by him to one Juhl on land in Minnehaha. county upon which the flax seed was raised, and he also claimed. an interest in said flax seed by virtue of a chattel mortgage executed to F. H. Hollister by said Juhl to secure the payment of certain promissory notes executed by said Juhl to said Hollister, but. which notes and mortgage were owned by the plaintiff. At the close of all the evidence the court directed a verdict in favor of the plaintiff. The defendant and appellant seeks a reversal of the judg-ment and assigns as error the ruling of the court as follows: "(1) That the plaintiff should have been required to elect upon which. cause of action he would proceed; (2) that the court erred in over-ruling defendant's objections to certain testimony of the plaintiff;. (3) that the court erred in directing a verdict for the plaintiff."

It will be noticed that the first error assigned is that the court erred in refusing to require the plaintiff to elect upon which cause of action he would rely. The complaint, as before stated, set out fully the execution of the farm lease which contains the following clause: "The title and ownership of all crops grown upon said. premises shall be and remain in said Lyon until all the conditions. of this agreement are fully complied with by said Juhl and all in-debtedness that may be due or owing said Lyon by said Juhl is. fully paid"—and claimed that at the time the said flax seed was seized by the defendant there was a large sum due and unpaid to him from the said Juhl. The plaintiff also sets out in his complaint the execution of certain notes and a chattel mortgage by said Juhl to said Hollister on the same flax seed seized by the defendant to secure certain notes and of which notes and chattel mortgage the plaintiff was the real owner, and that at the time of the seizure of

the said flax seed the said notes were due and unpaid, and that he was therefore entitled to the possession of the said flax seed under and by virtue of the said chattel mortgage. At the commencement of the trial the defendant moved that the court require the plaintiff to elect upon which cause of action he would proceed, but this motion was denied by the trial court. It is now contended by the appellant that the court erred in this ruling for the reason that the two causes of action are inconsistent. We are of the opinion, however, that the court committed no error in its ruling. It was competent for the plaintiff, as he claimed possession of the property both under the farm lease and the chattel mortgage, to set up both causes of action in his complaint and to introduce evidence proving or tending to prove them, and in our opinion they were not inconsistent; but, even if they had been inconsistent, the plaintiff could not have been compelled to elect upon which cause of action he would proceed. Under certain provisions in the farm lease when Juhl had paid up all the claims held against him by the plaintiff he was entitled to two-thirds of the flax seed raised upon the premises. He therefore had an equitable interest in the flax seed that he could properly mortgage notwithstanding the terms of the farm lease.

The appellant's contention that he was misled by the claim under the chattel mortgage is not entitled to any consideration, for the reason that the chattel mortgage was duly recorded and the law imputes to him constructive notice if he had not actual notice of the mortgage at the time he levied upon the property. It appears, however, in this case by the uncontradicted evidence that he had actual notice of the existence of the mortgage prior to the levy. The appellant cites no authorities in support of his contention, and we do not deem it necessary to discuss it further.

The second contention of appellant, that the court erred in overruling certain objections of appellant to plaintiff's evidence, is also without merit. The evidence was to the effect that the notes and mortgage securing the same were taken in the name of Hollister, but in fact belonged to the plaintiff; that the plaintiff had frequently taken notes and mortgages in the name of Mr. Hollister before

and since the notes and mortgage in question were executed with the full consent of Mr. Hollister. We are of the opinion that this evidence was competent and fully met the objection made to the validity of the notes and mortgage on the ground that they were executed to Mr. Hollister without his knowledge and consent and were never in fact delivered to him. It was disclosed by the evidence that it had been the custom of the plaintiff to take such notes and mortgages in the name of Mr. Hollister with his consent, and his assent to the delivery of this mortgage and notes to the plaintiff for him in this particular transaction would be presumed. The delivery to the plaintiff for Hollister, as he was the real party in interest, should be held to be a good delivery. The case of Welch v. Sackett, 12 Wis. 243, relied on by the appellant, is not in point. In that case the delivery of the chattel mortgage was made to the mortgagor's attorney for the benefit of the mortgagees, and before the assent of the mortgagees to the transaction was had the property was attached by other creditors of the mortgagor. But as we have seen the delivery in the case at bar was made to the real party in interest, and in pursuance of the custom to which Hollister had fully assented. There was therefore, in our opinion, a good delivery of the chattel mortgage, and under the facts as shown in this case by the evidence the plaintiff was entitled to the possession of the property not only under his farm lease, but also under the chattel mortgage.

The last contention, that the court erred in directing a verdict for the plaintiff, is clearly untenable. The evidence as to the execution of the farm lease and the execution of the chattel mortgage and the existence of the indebtedness due on said farm lease and said chattel mortgage at the time the levy was made was uncontradicted, and there were no circumstances tending to throw any suspicion upon the transaction as was apparent in the case of the Iowa Nat. Bank v. Sherman & Bratager, 19 S. D. 238, 103 N. W. 19, and McGill v. Young, 16 S. D. 360, 92 N. W. 1066, and other cases cited by the appellant.

Finding no error in the record, the judgment and order denying a new trial are affirmed.