## STATE v. THEODORE E. LYNCH.

### (Filed 2 March, 1966.)

**1. Robbery §§ 1, 4—**

Where the indictment charges robbery at, in, and near a public high-way, and the proof establishes robbery from a commercial establishment, nonsuit for variance is properly denied, since the distinction between rob-bery and highway robbery no longer obtains in this State, and the surplus words merely indicate, vaguely, the location of the alleged robbery, and do not result in any variance between the crime charged and the proof.

**2. Same—**

Since the gist of the offense of robbery is the taking of another's prop-erty by force or by the putting in fear the person in lawful possession, the fact that an indictment alleges ownership in the cashier of a store and the proof fixes ownership in the business establishment, does not warrant nonsuit for variance.

**3. Criminal Law § 71—**

The evidence, though conflicting, *held* sufficient to support the court's findings that defendant's confession was voluntarily made.

**4. Criminal Law § 90—**

Where two defendants are jointly tried without objection, the admis-sion in evidence of the confession of one of them which is competent against the defendant making it, cannot entitle the other defendant to a new trial, even though the confession implicates him, when the court in structs the jury that the confession should be considered only against that defendant who made it.

**5. Same—**

Where the written confession of one defendant charging that the other was the actual perpetrator of the offense is admitted in evidence against the defendant making it, but an officer is thereafter permitted to testify that the second defendant knew that the officer had the statement and that the officer had read that part of the statement which identified the second defendant as being a participant in the robbery, the admission of the tes-timony must be held for prejudicial error on the second defendant's ap-peal, notwithstanding the court instructs the jury that the confession was to be considered only against the defendant making it.

MOORE, J., not sitting.

APPEAL by defendant from *McLean, J.,* July 1965 Session of BUNCOMBE.

Criminal prosecution on indictment charging that "Boyce Oliver Norris and Theodore Edward Lynch . . . on or about the 23rd day of June, 1965, . . . unlawfully, willfully and feloniously, at and in and near the public highway, and committing an assault upon and put in fear of life one RITA BRYANT, and by means aforesaid and by threats of violence, did steal, take and carry away from her per-

son and did rob RITA BRYANT of the sum of FORTY FOUR Dollars in money: OF THE value of Forty Four Dollars, the property of the said RITA BRYANT . . ."

Each defendant was represented by separate counsel. No motion was made that defendants be tried separately. Pleas of not guilty were entered. As to each defendant, the jury returned a verdict of "guilty of common law robbery." As to Lynch, judgment imposing a prison sentence of not less than nine nor more than ten years was pronounced. Lynch excepted and appealed.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*
*B. B. Worsham for defendant appellant.*

BOBBITT, J.  There was plenary evidence a "colored boy" entered the Towne House Bakery, Biltmore Avenue, Asheville, apparently as a customer, on June 23, 1965, about 1:50 a.m.; that, after looking around briefly, he pulled "a neckerchief" over his mouth, pointed a "nickel-plate pistol" at Rita Bryant, age 19, who was employed as a cashier, and demanded "the money out of the cash register"; that Miss Bryant "handed him the cash drawer"; and that "he took the bills," "took around $45.00," and ran. Miss Bryant testified to the above facts but testified she did not know and could not identify the "colored boy" who committed the robbery.

Arresting officers testified Lynch, shortly after his arrest on the night of June 23rd, made statements to the effect he had committed the robbery but that he had used "a small toy gun, silver colored," and that "the lady gave him $29.00."

Appellant assigns as error the court's denial of his motion for judgment as of nonsuit. He contends there is a fatal variance between the indictment and the proof in that the indictment charges the robbery occurred "at and in and near the public highway" and that the money obtained was "the property of the said RITA BRYANT" whereas the evidence tends to show a robbery on the premises of Towne House Bakery and that the money obtained was the property of the Towne House Bakery.

"(T)he distinction between robbery and highway robbery, as to punishment and otherwise, is no longer recognized in this jurisdiction—the punishment is imprisonment in the State's prison for a term not to exceed 10 years." *S. v. Lawrence,* 262 N.C. 162, 164, 136 S.E. 2d 595. The words, "at and in and near the public highway," do not relate to essentials of the crime of robbery. These surplus words in the bill of indictment tend to indicate vaguely the location

of the alleged robbery. The evidence tends to show the robbery occurred within a business establishment on Biltmore Avenue in Asheville. There is no variance between *the crime* charged and the proof, and the variation between the surplus words and the proof is without substantial significance.

Defendant cites *S. v. Cowan,* 29 N.C. 239, decided at June 1847 Term, where, in a trial on an indictment charging "robbery *in* the highway," it was held it was not permissible to admit evidence of a robbery that occurred on a wharf *near* the public highway (a Wilmington street). Suffice to say, the present case is distinguishable in that the indictment here alleges the offense occurred "at and in *and near* the public highway." (Our italics.) This Court has upheld a conviction where the indictment charged the robbery occurred "at and near a certain highway" and the evidence showed it occurred some 50 or 75 yards therefrom. *S. v. Nicholson,* 124 N.C. 820, 32 S.E. 813.

It should be noted, as pointed out by Moore, J., in *S. v. Lawrence, supra,* that "(u)ntil a relatively recent date robbery in or near a public highway (highway robbery) was a capital offense in North Carolina. *State v. Johnson,* 61 N.C. 140 (1866); *State v. Anthony,* 29 N.C. 234 (1847)."

As to the variance with reference to the ownership of the stolen money, it is noted that "(t)he gist of the offense (robbery) is not the taking, but a taking by force or the putting in fear." *S. v. Sawyer,* 224 N.C. 61, 65, 29 S.E. 2d 34, and cases cited. As stated by Winborne, J. (later C.J.), in *S. v. Sawyer, supra:* "(I)n an indictment for robbery the allegation of ownership of the property taken is sufficient when it negatives the idea that the accused was taking his own property." "It is not essential to the crime of robbery that the property be taken from the actual holder of the legal title, a taking from one having the care, custody, control, management, or possession of the property being sufficient." 77 C.J.S., Robbery § 7; 46 Am. Jur., Robbery § 9.

The court properly overruled appellant's motion for judgment as in case of nonsuit.

The only evidence tending to identify Lynch as the "colored boy" who entered Towne House Bakery and robbed Rita Bryant consists of testimony as to an oral confession by Lynch and of testimony as to an oral and as to a written confession by Norris. Evidence of persons passing in cars at or near the time of the robbery tends to show the boy or boys they saw in the vicinity of Towne House Bakery were smaller and younger than Lynch and Norris. It is noted all confessions attributed to Norris are to the effect Lynch was the actual perpetrator of the robbery and that Norris

was waiting in an alley nearby and was given part of the money.

When a witness (officer) for the State testified to the oral confession of Norris, the court, upon objection by counsel for Lynch, instructed the jury this testimony was not for consideration as to Lynch; and when he testified to the confession of Lynch, the court, upon objection by counsel for Norris, instructed the jury this testimony was not for consideration as to Norris. While the State was offering evidence, there was no objection on the ground either confession was involuntary.

After the State had rested, Lynch testified he did not enter the Towne House Bakery or have any connection with the alleged robbery; and that, although offered inducements to do so, he had made no statement that he was involved in the alleged crime. Thereafter, Norris testified to the effect he was not involved in the alleged crime and that, although he and Lynch had been together earlier in the evening, they had separated and gone different ways before the crime charged is alleged to have been committed.

Based upon evidence received in the absence of the jury, which does not appear in the record before us, the court found, in the absence of the jury, that the oral and written confessions of Norris were voluntarily made. The written confession of Norris, identified as State's Exhibit 1, was offered and received in evidence. Upon objection by counsel for Lynch, the court instructed the jury it was not for consideration as to Lynch. Norris' written confession identifies Lynch as the person who proposed and perpetrated the venture at Towne House Bakery and quotes remarks attributed to Lynch.

The State offered a rebuttal witness (officer) who testified, in the presence of the jury, as to the confession attributed to Lynch and the circumstances under which it was made. Referring to State's Exhibit 1, Norris' written confession, the solicitor asked: "This paper writing, did you have that present at the time you were talking to Theodore Lynch?" The witness answered: "Yes, sir, we did." Quoted below are the questions and answers that follow.

"Q. Did you show it to Theodore Lynch? OBJECTION—OVER-RULED—EXCEPTION #7. A. No, sir, we let him know that we did have a statement. Q. Did you read it to him? A. In part. Q. Which parts did you read to him? A. As to where Norris had identified him as being with him. OBJECTION—OVERRULED—EXCEPTION #8."

The court made findings, in the absence of the jury, that the confession attributed to Lynch was voluntarily made. See S. v. Walker, 266 N.C. 269, 145 S.E. 2d 833; Cf. Jackson v. Denno, 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R. 3d 1205. While

the evidence was conflicting, there was sufficient evidence to support these findings.

The testimony of Miss Bryant and the confession attributed to Lynch were sufficient to support the verdict. However, it seems probable *the written statement* of Norris was in fact the evidence which, despite the instructions given, weighed most heavily against Lynch.

Where two or more persons are jointly tried, the extrajudicial confession of one defendant may be received in evidence over the objection of his codefendant(s) when, *but only when,* the trial judge instructs the jury that the confession so offered is admitted in evidence against the defendant who made it but is not evidence and is not to be considered by the jury in any way in determining the charges against his codefendant(s). *S. v. Bennett,* 237 N.C. 749, 753, 76 S.E. 2d 42, and cases cited; *S. v. Arnold,* 258 N.C. 563, 573-574, 129 S.E. 2d 229; Stansbury, North Carolina Evidence, Second Edition, § 188. "While the jury may find it difficult to put out of their minds the portions of such confessions that implicate the codefendant(s), this is the best the court can do; for such confession is clearly competent against the defendant who made it. Compare: *Paoli v. United States,* 352 U.S. 232, 77 S. Ct. 294, 1 L. Ed. 2d 278." *S. v. Kerley,* 246 N.C. 157, 161, 97 S.E. 2d 876.

The circumstances under which, upon timely motion, a defendant who is indicted jointly with another may be entitled to a separate trial as a matter of right where the State's evidence includes the confession of a codefendant that points directly to the guilt of the movant is not presented for decision.

While the court took precaution in many instances to give instructions that the jury was not to consider the confessions of Norris in passing upon the guilt of Lynch, there is merit in Exception #8. The court erred in admitting over objection the officer's testimony to the effect Norris in his written confession had identified Lynch as a participant in the robbery. The prejudicial effect of this erroneous ruling was accentuated by the fact the written confession of Norris was before the jury.

When all circumstances are considered, we are of the opinion and so decide that Lynch should be awarded a new trial at which his guilt or innocence will be determined by evidence against him and not by evidence incompetent as to him but devastating in its impact upon his case. It is so ordered.

New trial.

MOORE, J., not sitting.