State v. Johnson

STATE OF NORTH CAROLINA v. WILLIAM JAMES JOHNSON, JR.

·No. 7326SC684

(Filed 28 November 1973)

1. **Robbery § 2— ownership of property taken — sufficiency of allegations in indictment**

   Since the gist of the offense of robbery is not the taking, but a taking by force or the putting in fear, an indictment for robbery need not specify the person who owned the property taken, but it is sufficient if it shows that the property taken was the subject· of larceny and that defendant was not taking his own property; therefore, an indictment charging defendant with armed robbery of a named individual was sufficient though the evidence indicated that the money taken actually belonged to the Charlotte Housing Authority.

2. **Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis**

   Evidence in an armed robbery prosecution that two witnesses observed defendant and talked with him for fifteen minutes at the crime scene supported the trial court's finding that the witnesses' in-court identification testimony was not tainted by an illegal lineup, and such finding was binding on the court on appeal.

3. **Criminal Law § 66— out of court photographic identification of defendant — admissibility of evidence**

   The trial court in an armed robbery prosecution did not err in allowing photographic identification testimony where the evidence tended to show that a police officer showed a witness five photographs, one of which was that of defendant, that the witness, without prompting from the·officer, picked out defendant as the man who had robbed her, and that the same procedure was followed with a second witness.

APPEAL by defendant from *Grist, Judge,* 12 March 1973 Session of Superior Court held in MECKLENBURG County.

Defendant was tried on a bill of indictment, proper in form, charging him with armed robbery.

At the trial the State's evidence tended to show that on 1 November 1972, a man came into the rental office of Earle Village Homes, a public housing project in Charlotte, and filled out an application for an apartment. He spent approximately fifteen minutes in conversation with the two employees, Betty Culp and Jeanette Wrenick. Before leaving he produced a paper bag and pointed a gun at the two employees demanding money. Betty Culp unlocked the cash drawer and gave him $211.00 and some change. He left with the bag of money.

Defendant was identified in the courtroom by Mrs. Culp and Mrs. Wrenick as the man who had robbed them. After a voir dire hearing the court permitted them to testify that they had identified a photograph of defendant from a group of photographs presented by a police officer shortly after the robbery. Evidence of a lineup was excluded, but the court found after exhaustive inquiries that the in-court identification of the witnesses had not been tainted by the lineup nor by presentation of photographs for purposes of identification.

The defendant testified and denied any participation in the robbery.

From a jury verdict of guilty and the sentence imposed, defendant has appealed.

*Attorney General Morgan, by Assistant Attorney General Rafford E. Jones, for the State.*

*Hicks and Harris, by Richard F. Harris III, for defendant appellant.*

BALEY, Judge.

[1] Defendant contends that there is a fatal variance between the indictment charging armed robbery of Betty Culp and the evidence which indicated that the money taken actually belonged to the Charlotte Housing Authority. In larceny cases it is important that the ownership of the stolen property be alleged and proved, *State v. Jessup,* 279 N.C. 108, 181 S.E. 2d 594, but the criminal offense here charged is armed robbery.

In robbery cases under G.S. 14-87, "[t]he gist of the offense is not the taking, but a taking by force or the putting in fear." *State v. Sawyer,* 224 N.C. 61, 65, 29 S.E. 2d 34, 37. Therefore an indictment for robbery need not specify the person who owned the property taken. A robbery indictment is sufficient if it shows that the property taken was the subject of larceny *(see State v. Guffey,* 265 N.C. 331, 144 S.E. 2d 14) and that defendant was not taking his own property. *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881; *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525; *State v. Lynch,* 266 N.C. 584, 146 S.E. 2d 677; *State v. Sawyer, supra.* The indictment in the present case satisfies these criteria.

[2] Defendant asserts that the trial court erred in admitting the identification testimony of Mrs. Culp and Mrs. Wrenick. The court properly held a voir dire hearing on this testimony. "When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility. When the facts so found are supported by competent evidence, they are conclusive on appellate courts." *State v. McVay,* 277 N.C. 410, 417, 177 S.E. 2d 874, 878; *accord, State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677; *State v. Smith,* 278 N.C. 476, 180 S.E. 2d 7; 1 Stansbury, N. C. Evidence (Brandis rev.), § 57, at 176-77.

There is ample evidence to support the court's finding that the witnesses' in-court identification testimony was not tainted by the illegal lineup. Both Mrs. Culp and Mrs. Wrenick testified that defendant was in their office for at least fifteen minutes. During this time he engaged in conversation with each of them. Clearly, both witnesses had sufficient time to become familiar with defendant's appearance; they did not learn to recognize him for the first time at the lineup.

[3] There is also competent evidence supporting the trial court's decision to admit the photographic identification testimony. H. R. Thompson, a member of the Charlotte police department, testified that he showed Mrs. Culp a group of five photographs, one of which was a photograph of defendant. He later showed the same photographs to Mrs. Wrenick. Both picked out defendant as the man who had robbed them. Thompson stated that he did not suggest to either witness that she should

choose the photograph of defendant. An examination of the five photographs shows that none of the five men pictured is strikingly different in appearance from the other four. It was entirely appropriate for the court to conclude that no improperly suggestive procedures had been used in obtaining the photographic identification testimony.

The trial court committed no error in upholding the bill of indictment or in the admission of testimony. Defendant's conviction was proper and should be affirmed.

Affirmed.

Judges MORRIS and VAUGHN concur.