STATE OF NORTH CAROLINA v. BILL SLATE AND ROMNEY LEE CARSON

No. 7817SC280

(Filed 3 October 1978)

1. **Criminal Law § 74.2— confession implicating codefendant—failure to give limiting instruction—error**

   Though defendant Carson's extrajudicial statement was admissible in his joint trial with defendant Slate, it was admissible only as evidence against Carson, and the trial court erred in failing to instruct the jury that Carson's statement was admitted only into evidence against him and could not be considered against Slate.

2. **Receiving Stolen Goods § 6— goods stolen by one other than defendant—instructions conflicting—new trial**

   In a prosecution for receiving stolen goods, the trial court's instructions with respect to the goods having been stolen by someone other than the accused, an essential element of the crime with which defendant was charged, were so conflicting as to be prejudicial error requiring a new trial.

APPEAL by defendants from *Crissman, Judge.* Judgments entered 31 October 1977 in Superior Court, SURRY County. Heard in the Court of Appeals 15 August 1978.

The defendant Slate was indicted for felonious breaking and entering and felonious larceny in Case No. 76CR9012. Upon his plea of not guilty, the jury returned a verdict of guilty as charged

on all counts. The defendant Carson was indicted for the felony of receiving stolen goods in Case No. 76CR8903. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. Each defendant was sentenced to a term of imprisonment of not less than four nor more than six years. Both appealed.

The defendants' cases were consolidated for trial. At trial the State's evidence tended to show that a storage building used by Michael Hall for the storage of chain saws from his chain saw sales and service business was broken into on 8 December 1976. After the break-in, seven chain saws were missing. A few days later, one of the chain saws was recovered from the defendant Carson's van. Gary Goad, a State's witness, testifying pursuant to a plea bargaining arrangement, testified that he and the two defendants broke into the storage building and stole the chain saws.

The defendant Carson testified in his own behalf that he drove Goad to a place near the storage building at 11:00 p.m. on 8 December 1976. He was under the impression that Goad was to meet someone there who owed him money. Goad got out of the van and returned five minutes later carrying five chain saws. Goad stated the man had given him the saws in payment of the debt and wanted Goad to sell them. Carson testified that he drove Goad around on two occasions attempting to help him sell the saws, and Goad gave him one of the saws as payment for this service. Throughout his testimony, Carson denied having anything to do with stealing the saws or any knowledge that they were being stolen.

The defendant Slate also took the stand and testified in his own behalf. He testified that he was at home sick on the night of 8 December 1976 and specifically denied having anything to do with the crimes charged.

The State offered rebuttal evidence through the testimony of Captain Larry Scott. Captain Scott testified that, following the arrest of the defendant Carson, Carson signed a written statement indicating that, on the night of 7 December 1976, he had heard Goad and Slate discuss breaking into the storage building in question. Carson also stated that Slate knew about the chain saws inside the building, and that Goad subsequently sold Carson five chain saws to sell on consignment. Carson further indicated in his

statement that he sold four of the saws the next day and kept one for himself.

Other pertinent facts are hereinafter set forth.

*Attorney General Edmisten, by Associate Attorney R. W. Newsome III, for the State.*

*Neaves, Everett & Peoples, by Charles M. Neaves, for the defendant appellants.*

MITCHELL, Judge.

### APPEAL OF BILL SLATE

[1] The defendant, Bill Slate, assigns as error the trial court's admission into evidence of the extrajudicial statement of his codefendant Carson and the trial court's failure to instruct the jury that Carson's extrajudicial statement could only be considered against him and was not admitted as evidence against Slate. This assignment of error is meritorious.

In *Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), the Supreme Court of the United States held that the extrajudicial confession of a defendant implicating his codefendant could not be admitted into evidence, where the defendant making the confession did not testify at their joint trial. The court held that to admit such evidence would constitute a denial of the codefendant's rights under the confrontation clause of the Sixth Amendment to the Constitution of the United States, which could not be remedied by a limiting instruction directing the jury to consider such evidence only against the confessing defendant. Here, however, the defendant whose extrajudicial confession was admitted testified in his own defense and denied making the statement. Further, he gave testimony during the joint trial favorable to his codefendant Slate. The defendant Slate could not have hoped for a more effective exercise of his right to confront and cross-examine this witness. Therefore, the extrajudicial confession of Carson implicating Slate was admissible at their joint trial. *Nelson v. O'Neil*, 402 U.S. 622, 29 L.Ed. 2d 222, 91 S.Ct. 1723 (1971).

Although the extrajudicial confession of Carson was admissible at the joint trial of the defendants, we hold it was admissible

only as evidence against him and not as evidence against his codefendant Slate. After Carson took the stand and testified at the joint trial of the two defendants, the admission of his extrajudicial confession was no longer violative of the Sixth Amendment. Its admission against Slate, however, remained a violation of long established principles of law controlling in this jurisdiction. As to Slate, the extrajudicial statement of Carson was inadmissible hearsay. The extrajudicial statement of Carson did not become exceptionally admissible as corroborative evidence solely by virtue of the fact that Carson took the stand and testified. Instead of corroborating Carson's testimony, the testimony of Captain Scott as to Carson's extrajudicial statement tended to destroy his credibility and greatly reduce the weight of his testimony and was not admissible as corroborative evidence. *State v. Lassiter*, 191 N.C. 210, 131 S.E. 577 (1926). Although the extrajudicial statement of Carson tending to implicate Slate was admissible at their joint trial, it was admissible only as evidence against Carson. Therefore, the trial court erred in failing to instruct the jury that Carson's statement was admitted into evidence only against him and could not be considered against Slate. When two defendants are jointly tried, the extrajudicial confession of one may be received in evidence over the objection of the other *only when* the trial court instructs the jury that the confession is admitted as evidence against the defendant who made it but is not evidence and may not be considered by the jury in any way in determining the charges against his codefendant. *State v. Lynch*, 266 N.C. 584, 146 S.E. 2d 677 (1966); *State v. Bennett*, 237 N.C. 749, 76 S.E. 2d 42 (1953); 2 Stansbury's N. C. Evidence, § 188 (Brandis Rev. 1973). Failure to give the required instruction will necessitate a new trial in Slate's case (76CR9012).

## APPEAL OF ROMNEY LEE CARSON

[2]   The defendant, Romney Lee Carson, assigns as error that portion of the trial court's final instructions to the jury setting forth the elements of the offense of receiving stolen goods. The defendant contends that the trial court failed to properly instruct the jury that, before they could return a verdict of guilty of receiving stolen goods in violation of G.S. 14-71, they must find from the evidence that the goods were stolen by someone other

than the accused. The defendant asserts that this constituted a failure to charge on an essential element of the offense of receiving stolen goods and requires he be granted a new trial.

When a trial court judge undertakes to define the law as required by G.S. 1-180, he must state it correctly, and failure to do so constitutes prejudicial error sufficient to warrant a new trial. The trial court must properly instruct the jury as to all essential elements of the offense charged. *State v. Hairr*, 244 N.C. 506, 94 S.E. 2d 472 (1956). An essential element of the crime of receiving stolen goods in violation of G.S. 14-71 is the stealing of the goods by someone other than the accused. *State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied*, 406 U.S. 974, 32 L.Ed. 2d 674, 92 S.Ct. 2409 (1972). Therefore, failure to properly instruct the jury with regard to this element would constitute reversible error requiring a new trial.

Here the trial court first stated as an element of the offense of receiving stolen property the requirement "that the property was stolen" and failed to indicate that the property must have been stolen by someone other than the defendant. Later the trial court stated that the jury could convict if they found that "someone else had stolen them or that they were stolen." This statement would tend to indicate to the jury that they could convict either if the goods were stolen by the defendant or by someone else. Finally, the trial court properly stated that, before returning a verdict of guilty, the jury must find that the defendant knew or had reasonable grounds to believe that "someone else had stolen." No instruction was ever given the jury indicating it should ignore the first two incorrect statements as to this element of the offense.

Such conflicting instructions upon a material aspect of a case must be held to constitute prejudicial error, as the jury may have acted upon the incorrect portion of the instructions. *State v. Parks*, 290 N.C. 748, 228 S.E. 2d 248 (1976). It must be assumed on appeal that, of two conflicting instructions, the jury was influenced by that portion of the charge which is incorrect. *State v. Harris*, 289 N.C. 275, 221 S.E. 2d 343 (1976). It will not be supposed that the jury is able to distinguish between a correct and an incorrect charge. *State v. Carver*, 286 N.C. 179, 209 S.E. 2d 785 (1974). Even though the trial court's instructions must be read in

their entirety and are not reversible for inadvertent omissions or inconsequential misstatements, the instructions of the trial court in this case were so conflicting as to require that they be held prejudicial error necessitating a new trial of the case against Carson (76CR8903).

For errors previously discussed herein, both the defendant Bill Slate (76CR9012) and Romney Lee Carson (76CR8903) are entitled to new trials, and we order

New trials.

Chief Judge BROCK and Judge MARTIN (Robert) concur.