STATE OF NORTH CAROLINA v. LARRY OSBORNE JENKINS

No. 8526SC1109

(Filed 6 May 1986)

1. **Automobiles and Other Vehicles § 117.1— speeding—evidence not objected to—sufficient for jury**

Defendant's motions to dismiss a speeding charge were properly denied where defendant had not objected to the officer's opinion as to speed or to the introduction of the radar measurement but sought to discredit the evidence. The weight and credibility of the evidence are properly left to the jury.

2. **Automobiles and Other Vehicles § 117.2— speeding—instruction implying radar alone sufficient to convict—new trial**

Defendant was entitled to a new trial on a speeding charge where the jurors asked whether defendant could be convicted on a radar reading alone and

the court's response implied that proof by either radar or observation would be sufficient. N.C.G.S. 8-50.2(a) provides that evidence of radar speed measurement is admissible only to corroborate testimony based on visual observation.

APPEAL by defendant from *Griffin, Kenneth A., Judge.* Judgment entered 10 May 1985 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 10 March 1986.

Defendant was charged in a traffic citation with operating a motor vehicle at a speed of 71 miles per hour in a 55 mile per hour speed zone. He was convicted in the district court and appealed to the superior court. At trial in superior court, the State offered evidence tending to show that on 20 January 1984 Mecklenburg County Police Officer John McElwee observed the defendant's automobile travelling on Billy Graham Parkway at a speed which, in the officer's opinion, approximated 70 miles per hour. The posted speed limit was 55 miles per hour. Using a K55 moving radar unit, Officer McElwee clocked the speed of defendant's automobile at 71 miles per hour. Through his own testimony and that of an expert witness, defendant offered evidence tending to show that Officer McElwee had not had sufficient opportunity to observe the vehicle in order to form an opinion as to its speed. Other evidence was offered to dispute the accuracy of the speed measurement obtained by Officer McElwee in his use of the radar unit.

Defendant was convicted of exceeding the speed limit and was sentenced to an active two day term of imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane P. Gray, for the State.*

*William D. McNaull, Jr. for defendant appellant.*

MARTIN, Judge.

In this appeal, defendant contends that the State's evidence was insufficient to overcome his motions to dismiss and that the trial court committed error in responding to a question by the jurors. We find merit in his latter contention and conclude that he is entitled to a new trial.

[1]  In his first and second arguments, defendant contends that Officer McElwee had insufficient opportunity to form an opinion

as to the speed of defendant's automobile and that the evidence was insufficient to prove that the radar unit operated by the officer was a reliable indicator of the speed of defendant's vehicle under the facts of this case. Therefore, he contends, the trial court erred in denying his motions to dismiss. We disagree.

Defendant did not object to Officer McElwee's opinion as to speed, nor did he object to the introduction of the radar measurement of the speed of his vehicle. Instead, he sought to discredit the evidence. Thus, his argument is actually addressed to the weight and credibility of the State's evidence, which are properly left to the jury for resolution.

> The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; *contradictions and discrepancies are for the jury to resolve and do not warrant dismissal;* and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.

*State v. Powell*, 299 N.C. 95, 99, 261 S.E. 2d 114, 117 (1980). Officer McElwee's testimony, considered in the light most favorable to the State, was sufficient to take the case to the jury. Defendant's motions for dismissal were properly overruled.

[2] Defendant's remaining assignments of error are directed to instructions which the court gave in response to a question by the jury. The record indicates that during jury deliberations, the jurors informed the court, through the bailiff, that they desired an answer to the following question: "Can you be convicted of speeding on a radar reading alone?" Defendant's counsel requested that the jurors be instructed that they could consider the results of the radar measurement only to corroborate Officer McElwee's testimony, and that the radar results, standing alone, were insufficient for conviction. The court declined to give the requested instructions and returned the jury to the courtroom where the following colloquy took place:

> THE COURT: Members of the Jury, the bailiff advised me you have a question. What is it, please?

A JUROR: Do you want me to ask it? Okay. My question is, can you use evidence as the radar detector as evidence of proof of speed? Does he have to be observed doing that speed, or can the radar detection be sole proof?

ANOTHER JUROR: For a conviction.

THE FIRST JUROR: For a conviction.

THE COURT: Put another way, are you saying that just set the machine out in the street and take pictures of cars going by and would that be competent? Is that another way of putting what you are saying?

THE FIRST JUROR: What I am saying is, on a moving record, this is moving, this isn't set up on the side of the street.

THE COURT: Uh-huh.

THE JUROR: Is that allowed as sole evidence that he was speeding?

THE COURT: Sole evidence?

THE JUROR: Yes. If we dispute whether it was visually seen or not, to convict.

THE COURT: The best way I think I can answer the question is, in speeding cases that I have presided over, the State's evidence has been seen by observation of an officer, by radar and by clocking. In this case, there is no evidence of clocking whatsoever, unless you heard it and I didn't.

ANOTHER JUROR: Sir?

THE COURT: The State has offered evidence tending to show that he used a K55 unit and that he, the officer, used observation. The defendant, on the other hand, said and offered evidence tending to show, and he had no burden of proof whatsoever, said that the K55 unit wouldn't operate under this situation properly and that the officer didn't have time to observe. The State says he did, and the defendant says he didn't, but you have observation and radar. The State is saying they have proved both. The defendant is saying they have proved neither. . . .

The Court then reiterated its earlier instruction that it was for the jury to decide what the facts were and whether the defendant was guilty or not guilty.

G.S. 8-50.2(a) provides:

> The results of the use of radio microwave or other speed-measuring instruments shall be admissible as evidence of the speed of an object in any criminal or civil proceeding *for the purpose of corroborating the opinion of a person* as to the speed of an object based upon the visual observation of the object by such person. (Emphasis added.)

By the express provisions of the statute, evidence of radar speed measurement is admissible only to corroborate testimony based on visual observation. 1 Brandis on North Carolina Evidence § 86, at 90 n. 25 (2d rev. ed. Supp. 1983). "Corroborating evidence is supplementary to that already given and tending to strengthen and confirm it." *State v. Lassiter*, 191 N.C. 210, 212-13, 131 S.E. 577, 579 (1926). "The approved definition of the verb 'corroborate' is '(1) To make strong or to give additional strength to; to strengthen. (2) To make more certain; to confirm; to strengthen.'" *State v. Case*, 253 N.C. 130, 135-36, 116 S.E. 2d 429, 433 (1960), *cert. denied*, 365 U.S. 830, 5 L.Ed. 2d 707, 81 S.Ct. 717 (1961) (*quoting Lassiter v. Seaboard Air Line Ry.*, 171 N.C. 283, 88 S.E. 335 (1916)). Thus, in our view, the General Assembly has provided that the speed of a vehicle may not be proved by the results of radar measurement alone and that such evidence may be used only to corroborate the opinion of a witness as to speed, which opinion is based upon actual observation.

From the question posed by the jurors, it is apparent to us that at least some of them had doubts about the sufficiency of Officer McElwee's observation of defendant's automobile to form an adequate basis for his opinion as to its speed, but were willing to convict if the radar measurement, standing alone, was sufficient proof. The court's response implied that proof by either means would be sufficient, standing alone. To the extent that the response indicated that defendant could be convicted solely upon the radar measurement of his speed, it was incorrect. The court should have instructed the jury of the limited purpose for which the results of the radar measurement could be considered. Defendant is entitled to a new trial.

New trial.

Chief Judge HEDRICK and Judge WELLS concur.